UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                          :

FREDERICK J. KEITEL, III et al.,               :

                                                  :

                        Plaintiffs,          :               21-CV-8537 (JMF)

                                                  :

          -v-                              :         MEMORANDUM OPINION

                                                  :           AND ORDER

                                                  :

THOMAS B. D'AGOSTINO, SR. et al.,      :

                                                  :

                        Defendants.     :

                                                  :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Frederick J. Keitel, III ("Keitel"), a disbarred attorney proceeding without

counsel, and three entities — Florida Capital Management LLC ("FCM"); FJK Properties, Inc.;

and FJK III Properties, Inc. (together, the "Entity Plaintiffs") — sue over thirty defendants,

bringing claims under the Racketeering Influenced and Corrupt Organizations ("RICO") Act, 18

U.S.C. §§ 1961 *et seq.* and state-law claims, including derivative shareholder claims on behalf of

a fourth entity, FJK IV Properties, Inc. ("FJK IV").  ECF No. 60-1 ("SAC"); *see also* ECF No. 1.

The three Entity Plaintiffs are purportedly represented by counsel, Spencer B. Robbins; FJK IV

is not, however, as the Court previously granted a motion filed by FJK IV to disqualify Robbins

as its counsel.  *See* SAC 1; ECF No. 59.  Defendants now move, jointly, to dismiss the case with

prejudice for three reasons: because the Second Amended Complaint fails to comply with the

Court's Order disqualifying Robbins from representing FJK IV; because the Second Amended

Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure; and because

Plaintiffs lack standing to bring derivative claims.  ECF No. 70 ("Defs.' Mem."), at 1-2.  For the

reasons that follow, Defendants' Motion to Dismiss must be and is GRANTED.

As the Court will explain, Plaintiffs' Second Amended Complaint is, to put it mildly, hard to grasp.  For present purposes, it suffices to say that this case is the latest in a long line of legal fights that Keitel has waged against former business associates arising out of real estate transactions in Florida that date back at least fifteen years.  SAC ¶¶ 112-89.[1]  Most relevant here, Keitel was the sole owner of FJK IV, which was, in turn, one of three shareholders of FJK Tee Jay, Ltd. ("FJK Ltd."), which owned a commercial property in Florida.  SAC ¶¶ 8, 87, 89; ECF No. 7-1, ¶ 2; ECF No. 73 ("Pls.' Opp'n"), at 2.  In 2021, however, Keitel's stock in FJK IV was sold to FJK Ltd. at a sheriff's sale to satisfy a 2014 judgment against Keitel.  ECF No. 7, ¶ 18; ECF No. 7-5, ¶ 10; ECF No. 7-1, at 5-6.  It is that sheriff's sale that seems to have sparked this lawsuit.  Throughout the Second Amended Complaint, Plaintiffs contend that the sale was the product of fraud and criminal behavior by Defendants and others.

The Second Amended Complaint is already the third pleading in this case.  Keitel and four entities — FCM, FJK IV, FJK Ltd., and FJK Tee Jay Inc. ("FJK Inc.") — filed their first two complaints in October and November 2021.  *See* ECF No. 1 ("Compl."); ECF No. 4 ("FAC").  As relevant here, Keitel purported to be proceeding *pro se*, but the four entities purported to be represented by Robbins.  Compl. 3; FAC 3.  Shortly thereafter, however, FJK IV, FJK Ltd., and FJK Inc. filed a motion to terminate Robbins as counsel on the ground that he had no authority — and knew he had no authority — to represent them.  ECF No. 7, at 1.  At a

---

[1]     *See, e.g.*, ECF No. 7-2 (2015 court order voiding a transfer of stock Keitel made); ECF No. 7-3 (2012 complaint by Keitel against some of the Defendants here seeking damages for alleged fraud); ECF No. 7-4 (2014 judgment against Keitel and in favor of some of the Defendants here for failure to pay a loan); ECF No. 7-1, at 26-27, 30-31 (order removing Keitel from the board of a related entity and terminating him as the entity's counsel based on his misconduct); ECF No. 79-1 (2022 case Keitel filed against many of the Defendants here seeking similar relief); *see also In re Keitel*, No. 15-21654, 2018 WL9597494, at *15 (Bankr. S.D. Fla. May 11, 2018) (adversarial bankruptcy proceeding).

hearing held on the record on March 24, 2022, Robbins conceded that he did not have the authority to represent the three moving entities, so the Court granted the motion to terminate him as counsel.  ECF No. 59; ECF No. 67 ("Tr."), at 38.  At that hearing, the Court also granted Keitel and Robbins leave to file an amended complaint.  *See* ECF No. 59.  Significantly, the Court repeatedly admonished Keitel and Robbins to ensure that any amended pleading comply with the Federal Rules of Civil Procedure, including specifically Rule 8.  Tr. 44, 45; *see also id.* at 41.  As it happens, Keitel had already filed a proposed second amended complaint at the time. *See* ECF No. 55; *see also* Tr. 9.  Defense counsel noted the excessive length of the proposed second amended complaint — it was 283 pages, with (at least) 885 paragraphs — and argued that it was not "a proper complaint" under the Federal Rules.  Tr. 9, 39.  A week later, Keitel and the Entity Plaintiffs filed the Second Amended Complaint.  *See* ECF No. 60.

As noted, Defendants argue that the Second Amended Complaint fails to comply with the basic requirements of Rule 8.  That Rule mandates "a short and plain statement of the claim showing that the pleader is entitled to relief" and allegations that are "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  Applying Rule 8, courts have regularly dismissed complaints where they failed to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant . . . to dismiss the complaint," particularly when "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citing Fed. R. Civ. P. 12(f)).  Where a complaint "contains a surfeit of detail," district courts are "within the bounds of discretion to strike or dismiss [it]."  *Id.* at 43; *see*

*also Lafurno v. Walters*, No. 18-CV-1935 (JS) (ARL), 2018 WL 2766144, at *3 (E.D.N.Y. June 8, 2018) (dismissing a *pro se* plaintiff's 61-page complaint that included a 66-page "memorandum of law" and 157-page "affidavit").

Plaintiffs' Second Amended Complaint does not even come close to satisfying Rule 8's dictates. The Second Amended Complaint spans 282 pages and includes over 890 separate paragraphs and twenty-six causes of action. *See also* Defs.' Mem. 3.[2] Moreover, the causes of action are egregiously repetitive, including, among other things, nine separate fraud claims and twelve separate conspiracy to commit fraud claims, each against various iterations of Defendants. SAC ¶¶ 495, 505, 517, 533, 546, 573, 586, 591, 596, 620, 635, 646, 659, 670, 697, 712, 727, 737, 771, 785, 791. Complicating matters further, twenty-five of the twenty-six counts incorporate all prior allegations by reference. Some paragraphs even incorporate by reference *later* paragraphs. *See id.* ¶¶ 474, 495, 505, 517, 533, 546, 573, 586, 591, 596, 612, 616, 620, 635, 646, 659, 670, 688, 692, 697, 712, 727, 737, 748, 771, 785, 791, 803. And in at least one instance, a paragraph inexplicably even incorporates itself! *See id.* ¶ 785. In total, nearly every count in the Second Amended Complaint incorporates by reference nearly all of the other 889 numbered paragraphs. On top of that, although the pleading rehashes (multiple times) the long history between Keitel and many of the Defendants, it does not specifically, let alone clearly, allege which facts support which claims with respect to which Defendants.

Making matters worse, the Second Amended Complaint is "littered with unnecessary, vague and inflammatory language," *Roberto's Fruit Mkt., Inc. v. Schaffer*, 13 F. Supp. 2d 390, 396 (E.D.N.Y. 1998), not to mention inflammatory accusations against Defendants, various

---

[2]      In fact, some the paragraph numbers are repeated, *see* SAC ¶¶ 474-503, adding further length and confusion to the Second Amended Complaint.

judges, government officials, and others.  To cite just a few examples, Plaintiffs allege that: one

judge "hated Keitel" and "did everything in her power to stay on Keitel's cases and destroy

him," SAC ¶ 163; that the same judge, "Keitel's nemesis," requested "special favors" from the

U.S. Trustee and the Bankruptcy Court, among others, to extort and threaten Keitel, *id.* ¶ 174;

that a second judge's permanent law clerk "intentionally" misled the police, *id.* ¶ 179; that the

U.S. Trustee and several named judges "persecuted" Keitel, *id.* ¶ 181; that a third judge

"intentionally impeded" and "obstructed two federal/state investigations" and engaged in a

"three year vendetta to retaliate, punish and falsely discredit Keitel," *id.* ¶ 189; that Defendants

and various lawyers repeatedly and "deliberately suborned perjury," *id.* ¶ 224; *see also id.* ¶¶ 66,

136, 159, 189; that several other lawyers had a "quid pro quo" with the U.S. Trustee's office, *id.*

¶ 231; and that two federal Bankruptcy Judges and four Florida state judges participated in RICO

and fraud conspiracies and obstructed justice, *id.* ¶¶ 50-55.  "Even assuming such allegations

were true" — a far-fetched assumption — many, if not all, of them are irrelevant to Plaintiffs'

claims. *Roberto's Fruit Mkt.*, 13 F. Supp. 2d at 396.

In short, the Second Amended Complaint "does not contain a short and plain statement

showing [Keitel] is entitled to relief and does not provide fair notice to Defendants of the nature

of his claims so that they may answer and prepare for trial." *Debellis v. White*, 19-CV-8730

(JMF), 2020 WL 5076827, at *1 (S.D.N.Y. Aug. 27, 2020).  Instead, it contains "a dizzying

web" of accusations, *Roberto's Fruit Mkt.*, 13 F. Supp. 2d at 396, and combines an unjustified

prolixity with a "convoluted structure, organization, syntax, and content," *Kenlock v. Orange

County*, No. 20-CV-3693 (NSR), 2021 WL 4267309, at *1 (Sept. 20, 2021).  To require

Defendants to answer it would place "an unjustified burden" on both them and the Court because

Defendants would be "forced to select the relevant material from a mass of verbiage" and

Case 1:21-cv-08537-JMF   Document 92   Filed 10/27/22   Page 6 of 9

inflammatory allegations. *Salahuddin*, 861 F.2d at 42. Thus, it must be and is dismissed for failure to comply with Rule 8's requirements. *See, e.g.*, *Bardwil Indus. Inc. v. Kennedy*, No. 19-CV-8211 (NRB), 2020 WL 2748248, at *4 (S.D.N.Y. May 27, 2020) (dismissing a claim pursuant to Rule 8 where the defendant was "left to guess not only which factual contentions are asserted against him, but also which of those contentions are the basis for [the] plaintiff's claim" and noting that "[s]uch guesswork is antithetical to the fair notice that Rule 8 requires" (internal quotation marks omitted)); *Infanti v. Scharpf*, No. 06-CV-6552 (ILG), 2008 WL 2397607, at *2 (E.D.N.Y. June 10, 2008) ("It is not the duty of . . . defendants or this Court to sift through the Complaint and guess which factual allegations support which claims." (cleaned up)); *Lee v. United States*, No. 00-CV-4163 (GEL), 2000 WL 1597852, at *2 (S.D.N.Y. Oct. 26, 2000) (dismissing a complaint pursuant to Rule 8 on the ground that it was "diffuse and incoherent").

The closer question is whether that dismissal should be with prejudice or with leave to amend. More often than not, leave to amend is granted for dismissals under Rule 8, but the Second Circuit has made plain that district courts have the "power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible." *Salahuddin*, 861 F.2d at 42. Those are the circumstances here. For starters, the Second Amended Complaint is Keitel's and Robbins's third bite at the apple and comes after clear warnings about compliance with Rule 8.[3] Their initial Complaint ran 143 pages and contained

---

[3]      Although Keitel proceeds *pro se*, he is not entitled to special solicitude as a disbarred attorney. *See, e.g.*, *United States v. Pierce*, 649 F. App'x 117, 117 n.1 (2d Cir. 2016) (summary order) (explaining that the "special solicitude" extended to *pro se* litigants does not extend to disbarred attorneys, as they are presumed to be familiar with the procedural setting); *see also In re Keitel*, 852 F. App'x 463, 464 n.1 (11th Cir. 2021) (unpublished) (explaining that "the liberal construction and leeway normally afforded to *pro se* litigants does not apply to Keitel given his

(at least) 485 paragraphs; the First Amended Complaint ran 171 pages and contained (at least)

514 paragraphs; and their first proposed second amended complaint, as noted, ran 283 pages,

with (at least) 885 paragraphs.  Given that metastasis, the Court warned Keitel and Robbins,

multiple times and in no uncertain terms, about the need to ensure that the Second Amended

Complaint complied with Rule 8.  Tr. 44-45; *see also id.* at 9, 39 (defense counsel arguing that

the proposed second amended complaint was excessively long and "improper").  And yet, the

Second Amended Complaint remained more than double the length of the initial Complaint and a

convoluted mess of conclusory and inflammatory allegations.  *See Celli v. Cole*, 699 F. App'x

88, 89 (2d Cir. 2017) (summary order) (affirming denial of leave to amend where, after the

district court provided explicit guidance on complying with Rule 8, the plaintiff filed a 197-page

amended complaint "that was more prolix and confusing than the previous one").[4]

      That would be enough.  And yet there is more.  The Second Amended Complaint is in

flagrant violation of the Court's Order disqualifying Robbins from representing FJK IV, FJK

Inc., and FJK Ltd., *see* ECF No. 59, as Robbins purports to continue representing FJK IV, *see*

SAC 1, 283.  And while the Second Amended Complaint is "only" the third pleading that Keitel

(aided by Robbins) has filed in *this* case, this case is, of course, merely one of latest chapters in a

---

formal legal training and considerable litigation experience.").  Moreover, he has been aided
throughout by counsel, namely Robbins.

[4]     While this motion was pending, Plaintiffs sought leave to file yet another complaint, a
proposed third amended complaint, which the Court denied leave to file given the motion.  ECF
No. 84.  No doubt because Plaintiffs were mindful of Defendants' Rule 8 arguments in this
motion, the proposed third amended complaint was indeed shorter, running a "mere" 66 pages
and 343 paragraphs, ECF No. 83-1, but it nevertheless suffers from the same infirmities as the
Second Amended Complaint.  Each count incorporates all preceding paragraphs, despite
referring to distinct Defendants and separate theories of harm.  *Id.*  Some counts also incorporate
succeeding paragraphs.  *See, e.g., id.* ¶¶ 223, 227, 231, 235.  The fact that Plaintiffs could not
cure all of their Rule 8 defects even with the benefit of Defendants' motion merely underscores
that it would be folly to give them yet another chance now.

long history of litigation abuse, much of it at Defendants' expense, relating to, or arising from, the subject matter of this suit.[5]  Notably, other tribunals have found Keitel's behavior to be vexatious and harassing, *see* ECF No. 7-1, at 36-37 (Florida custody proceedings); ECF 7-6, at 6 (Florida bar proceedings), so much so that Keitel is now permanently disbarred in the state of Florida.  As Judge John Joseph Murphy, III, wrote in 2020 when recommending Keitel's permanent disbarment, "[f]or over a five year period (2014-2019)," Keitel "impugned the integrity of state and federal court judges with false accusations of 'case fixing' and sabotaging his case without any credible evidence to support his allegations" and "engaged in the same misconduct" as to "opposing counsel and their clients, Trustees and the professionals who served them."  ECF No. 7-6, at 63-64.  Judge Murphy decried Keitel's "cumulative and persistent course of unrepentant misconduct" and faulted him for "continuing to injure the legal system with his scandalous and malicious allegations of case fixing, corruption and criminal conduct by the judiciary and anyone who opposes him."  *Id.* at 71.  To grant Plaintiffs leave to amend here would only allow that "course of unrepentant misconduct" to continue, at great expense to Defendants, the court system, and to justice.  *Id.*  The Court will not enable that outcome.[6]

---

[5]       It is one of the latest, but not the last chapter in that history.  Remarkably, Keitel filed a lawsuit in Florida state court on May 2, 2022, over a month *after* filing his Second Amended Complaint in this case.  ECF No. 79-1.  This lawsuit names seven of the defendants sued here, makes similar — and at times identical — factual allegations, and seeks much of the same relief. *Compare id.* ¶¶ 14-64, 104-129 *with, e.g.*, SAC ¶¶ 73-87, 162, 173, 377, 727-736, 748-770.

[6]       The Court need not and does not reach the merits of Plaintiffs' claims, but it bears mentioning that the claims appear to be wholly without merit.  Plaintiffs' RICO claims would almost certainly fail because they do not plausibly allege an "enterprise" and there is a dearth of non-conclusory allegations of predicate acts.  *See* 18 U.S.C. §§ 1961(1), 1962(a); *RJR Nabisco, Inc. v. European Comm.*, 579 U.S. 325, 329-330 (2016).  Absent the RICO claims, the Court would almost certainly decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims.  *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").  But, in any event, the derivative state-law claims would almost certainly fail because Keitel, who no longer owns stock in FJK IV as a result of the sheriff's sale, lacks standing under both Florida and New

Accordingly, the Defendants' motion to dismiss is GRANTED, and the Second Amended Complaint is DISMISSED with prejudice. The Clerk of Court is directed to terminate ECF No. 69, enter judgment in favor of the Defendants, and to close this case.

SO ORDERED.

Dated: October 27, 2022
New York, New York

JESSE M. FURMAN
United States District Judge

_____

York law. *See Hantz v. Belyew*, 194 F. App'x 897, 898 (11th Cir. 2006) (unpublished) (applying Florida law); *Idpt. Inv. Protective League v. Time, Inc.* 50 N.Y.2d 259, 263 (1980) (stating the requirements for a derivative suit under New York law); *see also* Defs.' Mem. 9-11; ECF No. 79 ("Defs.' Reply"), at 2-3.