```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
FREDERICK J. KEITEL, III et al.,                                  :
                                                                  :
                              Plaintiffs,                         :    21-CV-8537 (JMF)
                                                                  :
              -v-                                                 :    MEMORANDUM OPINION
                                                                  :         AND ORDER
                                                                  :
THOMAS B. D'AGOSTINO, SR. et al.,                                 :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On October 27, 2022, the Court issued a Memorandum Opinion and Order granting Defendants' motion to dismiss Plaintiffs' Second Amended Complaint. ECF No. 92 ("Opinion"). On November 25, 2022, Plaintiff Frederick J. Keitel III filed a motion for relief from the Court's order and judgment. ECF No. 94 ("Motion").[1] Keitel's motion is nearly as incomprehensible as the Second Amended Complaint and his other submissions in this case have been, and it certainly presents no non-frivolous grounds for reconsideration. *See, e.g.*, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (cleaned up)); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir.

---

[1] Although the Second Amended Complaint was brought on behalf of Keitel and three entities, *see* Opinion 1, the motion appears to have been filed only by Keitel.

2008) ("Rule 60(b)[ is] a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." (cleaned up)).  Accordingly, the motion is DENIED as frivolous.

      The Court is not content, however, to leave it there.  Keitel's latest motion continues his longstanding pattern of making gratuitous and inflammatory accusations against those who fail to do his bidding.  *See* Opinion 4-5 (noting that that Second Amended Complaint was "littered with unnecessary, vague and inflammatory language," including "inflammatory accusations against Defendants, various judges, government officials, and others" (internal quotation marks omitted)); *id.* at 8 (recounting Keitel's "long history of litigation abuse" and noting that "other tribunals have found Keitel's behavior to be vexatious and harassing, so much so that Keitel is now permanently disbarred in the state of Florida" (citation omitted)); *id.* at 8 (quoting a judge who, in recommending Keitel's permanent disbarment, decried Keitel's "cumulative and persistent course of unrepentant misconduct" and faulted him for "continuing to injure the legal system with his scandalous and malicious allegations of case fixing, corruption and criminal conduct by the judiciary and anyone who opposes him").  Perhaps not surprisingly, Keitel has now turned his sights on this tribunal.  *See, e.g.*, Motion ¶ 17 (describing the Court's opinion as "[t]he most disgraceful part of this 7 year cover-up of judicial corruption"); *id.* ¶ 18 ("Judge Furman protected the same lawyers who drafted and filed false and fraudulent affidavits, to enable and allow the cover-up to continue . . . ."); *id.* ¶ 23 ("Judge Furman is either embarrassed by the court [sic] ignorance, or he's simply aiding and enable [sic] a fraud on the court by his refusal to address the issue.  Either way, if [sic] violate his judicial code of conduct.").

      Between Keitel's frivolous motion and the baseless and inflammatory rhetoric he has directed at this tribunal (among others), there is arguably a solid basis for this Court to join the

long list of others that have imposed sanctions on Keitel. Accordingly, Keitel is ORDERED to show cause in writing, no later than **December 12, 2022**, and not to exceed **fifteen pages**, why sanctions should not be imposed, pursuant to 28 U.S.C. § 1927, Rule 11 of the Federal Rules of Civil Procedure, and/or the Court's inherent authority. Defendants may, but are not required, to file a response to any submission by Keitel. Any such response shall be filed by **December 21, 2022**, and shall not exceed **fifteen pages**.

    The Clerk of Court is directed to terminate Docket No. 94.

SO ORDERED.

Dated: November 28, 2022
       New York, New York

                                              JESSE M. FURMAN
                                              United States District Judge