UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
FREDERICK J. KEITEL, III et al.,                                   :
:
                            Plaintiffs,                            :
:                  21-CV-8537 (JMF)
            -v-                                                    :
:                  OPINION AND ORDER
:
THOMAS B. D'AGOSTINO, SR. et al.,                                  :
:
                            Defendants.                            :
:
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

     Plaintiff Frederick J. Keitel, III ("Keitel"), a disbarred attorney, has a long history of abusing the court system.  He has, for years and in different fora, baselessly accused attorneys and judges of bias, corruption, and case-fixing.  He has repeatedly been sanctioned (in addition to being disbarred) in an effort to stem the tide of frivolous and vitriolic filings, to no avail.  Keitel's pattern of making inflammatory and baseless accusations has continued in this case.  After dismissing Keitel's claims with prejudice, and then denying reconsideration, the Court ordered Keitel to show cause why he should not be sanctioned.  *Keitel v. D'Agostino* ("*Keitel II*"), No. 21-CV-8537 (JMF), 2022 WL 17251372 (S.D.N.Y. Nov. 28, 2022) (ECF No. 95).  Moreover, Defendants seek a variety of monetary and non-monetary sanctions against Keitel, including attorneys' fees, a penalty payable to the Court, an injunction to prevent Keitel from filing future cases against the Defendants without leave of Court, and a requirement that Keitel file any sanctions order in litigation currently pending.  ECF No. 106 ("Defs.' Mem."), at 1; ECF No. 107 ("Defs.' Ltr."), at 1; ECF No. 118 ("Defs.' Reply"), at 4.  Defendants also seek sanctions against Spencer Robbins, a lawyer who purported to represent some of the entity

plaintiffs in this case. Defs.' Mem. 7-8; Defs.' Reply 3. For the reasons that follow, Defendants' motion is largely GRANTED, and the Court imposes sanctions on Keitel and Robbins.

## BACKGROUND

Keitel, proceeding without counsel, and three entities — Florida Capital Management LLC ("FCM"); FJK Properties, Inc.; and FJK III Properties, Inc. (together, the "Entity Plaintiffs") — brought this lawsuit against more than thirty Defendants.[1] The Second Amended Complaint, which spanned 282 pages and included over 890 separate paragraphs, alleged twenty-six causes of action, ranging from claims under the Racketeering Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 *et seq.* to state-law claims, including derivative shareholder claims on behalf of a fourth entity, FJK IV Properties, Inc. ("FJK IV"). ECF No. 60-1 ("SAC"). The case was merely one in a long line of cases that Keitel has brought against former business associates arising out of real estate transactions in Florida that date back at least fifteen years. *See id.* ¶¶ 112-89. It is not even the most recent in that line: In May 2022, Keitel filed an additional lawsuit, naming several of the same Defendants and bringing largely duplicative claims, in Florida state court. ECF No. 79-1.

From the get-go, Keitel represented himself. By contrast, the entities — including FJK IV — were purportedly represented by Robbins. On March 25, 2022, however, the Court granted a motion filed by FJK IV to disqualify Robbins as its counsel — after he conceded at a conference that he had no authority to represent it. *See* ECF No. 59; *see also* ECF No. 67, at 38. Seven months later, the Court granted Defendants' motion to dismiss all claims with prejudice. *See Keitel v. D'Agostino* ("*Keitel I*"), No. 21-CV-8537 (JMF), 2022 WL 15524665 (S.D.N.Y.

---

[1] The original complaint included two other entity plaintiffs, FJK Tee Jay, Ltd. and FJK Tee Jay, Inc. *See* ECF No. 1 ("Compl.").

Oct. 27, 2022) (ECF No. 92). "Plaintiffs' Second Amended Complaint," the Court reasoned, did "not even come close to satisfying Rule 8's dictates." *Id.* at \*2. Among other things, its causes of action were "egregiously repetitive," and it failed to "specifically, let alone clearly, allege which facts support which claims with respect to which Defendants." *Id.* "Making matters worse," the Court continued, the pleading was "littered with unnecessary, vague and inflammatory language, not to mention inflammatory accusations against Defendants, various judges, government officials, and others." *Id.* (cleaned up). On top of that, the Second Amended Complaint was "in flagrant violation of the Court's Order disqualifying Robbins from representing FJK IV . . . ." *Id.* at \*4.

Shortly thereafter, Keitel moved for reconsideration (on only his own behalf), adding the undersigned to the long list of people and entities that he has impugned as part of his litigation campaign. *See* ECF No. 94. To cite just a few examples, he wrote the following:

- "The most disgraceful part of this 7 year cover-up of judicial corruption, is that Judge Jesse M Furman, US District Court Judge, Southern District of New York, a Yale educated lawyer J.D., Harvard University, Harvard College, B.A., Assistant US Attorney, clerk for Supreme Court Justice David Souter and two Federal Judges, U.S. District Court Judge Michael Mukasey, and U.S. court [sic] of Appeals Judge Jose Cabranes, who worked in office [sic] of the US Attorney General as Counselor to the Attorney General, named as a potential future nominee for the Supreme Court by NY Observer, zealously acted on behalf of defendants in this RICO case, to defend and protect the judges, law firms and lawyers, at the expense of the truth." *Id.* ¶ 17.

- "Judge Furman protected the same lawyers who drafted and filed false and fraudulent affidavits, to enable and allow the cover-up to continue . . . ." *Id.* ¶ 18.

- "Unfortunately Judge Furman, and the US District Court, SDNY refusal to address defendants' fraud . . . appears to be a lack the integrity to report fraud and perjury by defendants . . . . It's impossible to reconcile with Judge Furman [sic] education . . . ." *Id.* ¶ 19.

- "I have to call Judge Furman's bluff, challenging Judge Furman US District Court Judge, and this court, who falsely wrote that there is no evidence that defendants committed fraud . . . ." *Id.* ¶ 22.

3

- "Judge Furman is either embarrassed by the court [sic] ignorance, or he's simply aiding and enable [sic] a fraud on the court by his refusal to address the issue. Either way, if [sic] violate his judicial code of conduct." *Id.* ¶ 23.

- "Judge Furman is publicly allowing and/or enabling perjury, fraud, false and fraudulent affidavits . . . ." *Id.* ¶ 24.

By Memorandum Opinion and Order entered November 28, 2022, the Court denied Keitel's motion for reconsideration. *See Keitel II*, 2022 WL 17251372.

Noting that Keitel's motion "continue[d] his longstanding pattern of making gratuitous and inflammatory accusations against those who fail to do his bidding," and observing that there was "arguably a solid basis for this Court to join the long list of others that have imposed sanctions on Keitel," the Court ordered Keitel to show cause in writing why sanctions should not be imposed under 28 U.S.C. § 1927, Rule 11, and/or the Court's inherent authority. 2022 WL 17251372, at *1-2. Keitel missed the deadline to show cause, *see* ECF No. 104, and, at the Court's invitation, Defendants filed a motion for sanctions against Keitel and Robbins, *see* Defs.' Mem.; Defs.' Ltr. Out of an abundance of caution, the Court explicitly granted Robbins leave to respond to Defendants' motion. *See* ECF No. 108. Robbins sought an extension of the deadline, but did not file a response. Keitel, however, did file two late responses, *see* ECF No. 110 ("Pl.'s Opp'n"); ECF No. 113 ("Pl.'s Supp. Br."), the first of which — in response to Keitel's request — the Court accepted notwithstanding its untimeliness, *see* ECF Nos. 111-12.[2]

## DISCUSSION

As the Court previously noted, sanctions against Keitel may be warranted under Rule 11 of the Federal Rules of Civil Procedure and/or the Court's inherent authority. *See Keitel II*, 2022

---

[2] The Court declines to consider Keitel's second untimely response, which was filed without leave. But it would not change the Court's analysis or conclusion that sanctions are warranted. To the contrary, it would merely strengthen those conclusions.

4

WL 17251372, at *2.[3]  Defendants do not articulate the legal basis for sanctions against Robbins, but the Court concludes that sanctions against Robbins are warranted under either Section 1927 or its inherent authority.  The Court will address sanctions against each in turn.

### A.  Sanctions Against Keitel

It is well established that district courts have inherent authority to impose sanctions on "litigants and lawyers who show themselves to be serial abusers of the judicial system." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 280 (2d Cir. 2021); *see also Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) (holding that a court may impose sanctions "to deter abuse of the judicial process").  Given the potency of the Court's inherent powers, a finding a bad faith by clear and convincing evidence is critical before imposing sanctions on that ground.  *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991); *accord Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).  In addition, courts must consider whether the litigant's claims are without a colorable basis.  *See Int'l Techs. Marketing, Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021) (noting that a claim has no colorable basis if it "lacks any legal or factual basis" (internal quotation marks omitted)).  "In deciding what sanctions to impose, the Court may consider the following factors, among others: "(i) whether the misconduct was the product of intentional bad faith; (ii) whether and to what extent the misconduct prejudiced the injured party; (iii) whether there is a pattern of misbehavior rather than an isolated instance; (iv) whether and when the misconduct was

---

[3]     Although the Court previously cited Section 1927 as a potential basis for sanctions against Keitel, a court may not impose sanctions under that provision on *pro se* litigants (even if, as here, they are disbarred attorneys).  *See In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 129 (S.D.N.Y. 1999).

corrected; and (v) whether further misconduct is likely to occur in the future." *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 394 (S.D.N.Y. 2010).

As noted, there is an extensive litigation history between Keitel and Defendants arising out of the real estate transactions at the heart of this lawsuit. *See Keitel I*, 2022 WL 15524665, at *1 & n.1, *4 & n.5. Over the course of that litigation, Keitel has repeatedly "impugned the integrity of state and federal court judges with false accusations of 'case fixing' and sabotaging his case without any credible evidence to support his allegations." *Id.* at *4; *see also* ECF No. 70-1, at 12-13 (Florida disbarment opinion quoting from a Florida state court case between Keitel and some of the Defendants here describing Keitel's baseless accusations of defamation against a judge). He has previously been sanctioned for his pattern of "scandalous serial filings," *see In re Keitel*, 852 F. App'x 463, 464 n.2 (11th Cir. 2021) (unpublished), a pattern that he continued in this case, *see, e.g.*, ECF No. 57, at 6, 9 (Keitel's motion to terminate Defendants' lawyers as counsel, in which he repeats baseless accusations against Defendants and a judge). And, despite this Court's explicit admonition that Keitel's inflammatory statements could lead to sanctions, *see Keitel II*, 2022 WL 17251372, at *2, Keitel has continued to make the same accusations against Defendants, judges, and government officials from his prior cases, as well as this Court, *see, e.g.*, Pl.'s Opp'n 2-3, 13-14 (alleging a conspiracy between the U.S. Trustee and certain Defendants in this case); *id.* at 5-6 (contending that a judge obstructed justice and sought to retaliate against Keitel); *id.* at 12 (implying that this Court accepted perjured and fraudulent affidavits from the Defendants and claiming that a Defendant extorted Keitel's banker); *see also* Pl.'s Supp. Br. 1-3 (accusing various judges and government officials of unethical, harassing, and even criminal behavior). Keitel's pattern of abusive filings in this and other cases — despite multiple sanctions imposed by other courts and warnings given by this Court — is overwhelming

evidence of his bad faith. *See, e.g.*, *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (explaining that a claim brought in bad faith is one "motivated by improper purposes such as harassment or delay" (internal quotation marks omitted)).

Keitel's claims in this case were also without a colorable basis. He brought RICO claims against Defendants, but his allegations regarding the existence of an enterprise and the "75+ predicate" acts Defendants supposedly committed, ECF No. 73-2, at 4, are wholly conclusory. *See, e.g.*, SAC ¶¶ 136, 181, 240, 285-87, 317, 339, 402; *see also Keitel I*, 2022 WL 15524665, at *4 n.6. Moreover, he brought this case on behalf of an entity — FJK IV — that he knew full well he lacked the authority to represent, *see* ECF No. 7, at 1; ECF No. 7-1, at 2, 5-6 (Sheriff's sale of FJK IV Properties, Inc. from Keitel to FJK Tee Jay Ltd.), further underscoring the frivolous nature of the suit. At bottom, his complaint seeks to recover property that he lost through legal sales, *see* ECF No. 7-1, at 5-6; *Webber v. D'Agostino*, 251 So. 3d 188, 190 (Fla. Dist. Ct. App. 2018), hardly the stuff of a vast RICO enterprise.

Given Keitel's insistence on making frivolous and inflammatory accusations against Defendants, given the baseless nature of the claims he brought, given his repeated attacks on the judiciary (including, most recently, the undersigned), and given his inability to heed this Court's warnings, sanctions are well justified. A "well-accepted" measure of sanctions for "bad faith conduct that unnecessarily prolongs a proceeding and multiplies the expense incurred by an adversary" is the opposing counsel's attorney's fees and costs. *Homkow v. Musika Recs., Inc.*, No. 04-CV-3587 (KMW), 2009 WL 721732, at *25 (S.D.N.Y. Mar. 18, 2009). Because Keitel's litigation abuse has been largely directed at Defendants, forcing them to retain counsel and spend time and money defending against frivolous and prolix claims, awarding attorneys' fees and costs is well justified. The fact that Keitel is *pro se* does not suggest otherwise. First, he is a

disbarred attorney, so he is not entitled to the special solicitude ordinarily granted to *pro se* litigants. *See Keitel I*, 2022 WL 15524665, at *3 n.3. Second, courts may order *pro se* litigants to pay attorneys' fees — particularly if they are, as Keitel is, serial litigators. *See, e.g.*, *Edwards v. Barclays Servs. Corp.*, No. 19-CV-9326 (GBD), 2020 WL 3446870, at *4-5 (S.D.N.Y. June 24, 2020) (awarding attorneys' fees against a *pro se* litigant under Rule 11).

Defendants also seek monetary sanctions payable to the Court. Defs.' Mem. 5. Sanctions payable to the Court may be justified if a party violates express orders of the Court or engages in frivolous or harassing conduct directed at the Court. *See Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (summary order) (affirming sanctions imposed on a *pro se* plaintiff for repeatedly filings with derogatory and offensive statements directed at the judge and opposing counsel); *Liebowitz*, 6 F.4th at 290-91 (describing the costs a lawyer imposed on the court by misrepresenting keys facts and disregarding court orders). In *Azkour v. Little Rest Twelve*, No. 10-CV-4132 (RJS), 2014 WL 12779561 (S.D.N.Y. June 2, 2014), Judge Sullivan imposed a sanction of $2,000 payable to the Court after the *pro se* plaintiff filed papers with offensive accusations about the defendant's counsel and the court that lacked any colorable legal basis. *Id.* at *3. In a related case, Judge Sullivan imposed on the same plaintiff a sanction of $5,000 payable to the court based on false and inflammatory claims the plaintiff made after being expressly warned that he risked sanctions. *Azkour v. Maucort*, No. 11-CV-5780 (RJS), ECF No. 278, at *4-5 (S.D.N.Y. Dec. 29, 2017). As in those cases, Keitel filed a frivolous motion for reconsideration, ECF No. 94, rife with baseless invective directed at his usual targets — Defendants, their counsel, other judges, and government offices — *as well as* this Court. Moreover, Keitel did so despite the Court's prior opinion calling Keitel to task for making similar prejudicial accusations against other judges and government officials. *See Keitel I*, 2022

8

WL 15524665, at *4.  Given this record, the Court concludes that a modest monetary sanction payable to the Court is appropriate to deter Keitel's future harassment of the judiciary.  The Court will impose a sanction of $1,000 payable to the Court for the offensive statements in his motion for reconsideration.[4]

In addition, because Keitel "has a history of filing vexatious, harassing [and] duplicative lawsuits," the Court concludes that monetary sanctions alone are unlikely to deter him and that his access to the judicial system should be restricted.  *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (cleaned up); *see also Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (discussing the factors to consider in restricting a litigant's access to the court, including "whether other sanctions would be adequate to protect the courts and other parties").  Put simply, there is an enormous risk — if not certainty — that, absent substantial non-monetary sanctions, Keitel will persist in his pattern of litigation misbehavior, particularly in light of the fact that Keitel continued to make the same accusations against Defendants, the Court, and the judicial system writ large in his opposition to Defendants' sanctions motion.  In particular, the Court concludes that three types of non-monetary sanctions are warranted.

---

[4]  The Second Circuit has "ruled that when a court awards defendants attorney's fees, it must take into account the financial circumstances of the plaintiff."  *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992).  Keitel has not provided any basis to believe that he would be unable to afford the sanctions imposed here.  Keitel was on notice — both by the Court's order to show cause and by Defendants' motion explicitly seeking monetary sanctions, *see Keitel II*, 2022 WL 17251372, at *2; Defs.' Mem. 4-5 — that he was at risk of facing monetary sanctions, but made no showing of an inability to pay.  *Cf. Truong v. Hung Thi Nguyen*, 503 F. App'x 34, 36 (2d Cir. 2012) (summary order) (vacating an award of sanctions against a *pro se* litigant because, *inter alia*, the district court had not provided adequate notice that the plaintiff was at risk of financial sanctions).  Indeed, despite multiple opportunities to respond, *see* Pl.'s Opp'n; Pl.'s Supp. Br., Keitel provided no indication that he lacked the financial resources to pay sanctions.  Supporting that conclusion, Keitel has not proceeded *in forma pauperis* in either this case or his pending appeal.  *See Keitel v. D'Agostino*, 23-77-cv, ECF No. 4 (2d Cir. Jan. 17, 2023).  In any event, if only out of an abundance of caution, the Court grants Keitel leave to make a showing on that front when responding to Defendants' accounting of fees.

First, Keitel shall be required to file a copy of this Opinion and Order on the docket of any pending case in which he is involved.  *See Immerso v. U.S. Dep't of Labor*, No. 20-4064, 2022 WL 17333083, at *2 (2d Cir. 2022) (summary order); *Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 3483661, at *22 (S.D.N.Y. June 26, 2020), *aff'd* 858 F. App'x 457 (2d Cir. 2021), *and* 6 F.4th 267 (2d Cir. 2021).  Second, Keitel is barred from filing future actions in this Court against any of these Defendants relating to the facts at issue in this case without first obtaining from the Court leave to file.  Keitel must attach a copy of his proposed complaint and attach a copy of this Opinion and Order with each and any such motion.  The motion must be filed with the *Pro Se* Office of this Court.  Should Keitel violate this Opinion and Order and file an action without first filing a motion for leave to file, the action will be dismissed for failure to comply with this Opinion and Order and additional sanctions may be imposed.  *See Gertskis v. N.Y. Dep't of Health & Mental Hygiene*, No. 13-CV-2024 (JMF), 2014 WL 2933149, at *7 (S.D.N.Y. June 27, 2014) (imposing this type of filing injunction following a *pro se* plaintiff's repeated filing of frivolous motions); *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (affirming a district court's sanctions on a *pro se* litigant that required the plaintiff to seek permission from the court before filing future cases in that district).[5]  Finally, in any future action Keitel files against any of these Defendants in another court, Keitel must attach a copy of this Opinion and Order to his complaint.  *See Immerso*, 2022 WL 17333083, at *2; *see also* Defs.' Ltr. 1.  Should Keitel fail to do so, Defendants may seek sanctions and/or a contempt order from this Court or seek relief from the court in which Keitel files.

---

[5]  Defendants' request for a filing injunction barring suits in *any* court without leave of this Court, Defs.' Mem. 5-7, goes too far.  *See Truong*, 503 F. App'x at 36 (rejecting a similar requested injunction).

B. **Sanctions Against Robbins**

As noted, Defendants also moved for sanctions against Robbins, who purported to represent the Entity Plaintiffs (including FJK IV before his disqualification) and permitted Keitel to file documents using his ECF credentials. *See* Defs.' Mem. 8. On January 31, 2023, Robbins purportedly filed a motion for extension of time to respond to Defendants' motion, *see* ECF No. 115, which the Court granted the following day, *see* ECF No. 116. By separate Order entered on February 1, 2023, the Court observed that there were "striking similarities in the formatting and wording of Mr. Robbins' submission and Mr. Keitel's previous pro se submissions." ECF No. 117. "Mindful of that and the earlier proceedings in this case," the Court therefore ordered Robbins "to hand sign his opposition and to simultaneously submit a sworn declaration attesting, under penalty of perjury, that he [wa]s the author of (or at least adopt[ed]) the opposition." *Id.* As noted, Robbins never filed any opposition.

The Court may impose sanctions on Robbins under its inherent authority or under 28 U.S.C. § 1927. *See Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999); *Liebowitz*, 6 F.4th at 280. Section 1927 permits a court to impose attorneys' fees on an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. As with its inherent powers, the Court must find that an attorney acted in bad faith and that the challenged claim lacked a colorable basis to impose sanctions under Section 1927. *Enmon*, 675 F.3d at 143-44. As discussed above, Plaintiffs' RICO claims lacked any colorable basis. Making matters worse, Robbins lacked the authority to represent FJK IV, but purported to do so anyway. *See* ECF Nos. 1, 7. Ultimately, the Court disqualified him as counsel, which Robbins did not even oppose. ECF No. 59. Despite his termination as counsel, Robbins still purported to represent FJK IV, *see* SAC 1, 283, and continued to permit Keitel to file papers on

11

ECF using his log-in credentials, *see, e.g.*, ECF Nos. 71, 86, 94, making it significantly easier for Keitel to file his frivolous and scurrilous papers. As Defendants correctly note, Defs.' Mem. 8, under this Court's Electronic Case Filing Rules and Instructions, Robbins' ECF user log-in and password constitute his signature on all electronic documents filed with the Court, *see* S.D.N.Y. ECF Rules & Instr. ¶ 8.1, making him responsible for the contents of these filings. Accordingly, the Court concludes that it is appropriate to impose attorneys' fees on Robbins as well, given his improper attempt to represent the Entity Plaintiffs and given his willingness to allow Keitel to abuse his ECF credentials. Robbins and Keitel shall therefore be jointly and severally liable for the Defendants' attorneys' fees. *See* 28 U.S.C. § 1927 (expressly requiring that the offending party "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct").

## CONCLUSION

For the foregoing reasons, the Court imposes sanctions on both Keitel and Robbins. In particular:

- **Within fourteen days of the date of this Opinion and Order**, Keitel shall pay to the Clerk of Court $1,000 in sanctions.

- **Within thirty days of the date of this Opinion and Order**, Keitel shall docket a copy of this Opinion and Order in every pending case in which he is involved, in any court in the country, and shall file proof of such service in this case.

- Before filing any action in this Court against any Defendant in this case arising out of or relating in any way to the subject matter of this lawsuit, Keitel must first seek and obtain leave from the Court.

- Finally, in any future action filed against any of these Defendants in any court, Keitel shall file a copy of this Opinion and Order at the time he initiates the case.

Defendants shall submit an accounting of their relevant attorneys' fees and costs, supported by contemporaneous billing records, within **two weeks of the date of this Opinion and Order**.

Keitel and Robbins shall each file any response within **three weeks of the date of this Opinion and Order.** No reply may be filed absent leave of Court.

The Clerk of Court is directed to terminate ECF No. 106.

SO ORDERED.

Dated: May 19, 2023
       New York, New York
                                        JESSE M. FURMAN
                                     United States District Judge