UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                         :

FREDERICK J. KEITEL, III et al.,               :
                                                         :

                    Plaintiffs,         :                    21-CV-8537 (JMF)
                                                   :

        -v-                              :        MEMORANDUM OPINION
                                                   :           AND ORDER

                                                   :

THOMAS B. D'AGOSTINO, SR. et al.,       :
                                                   :

                    Defendants.        :

                                                   :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 19, 2023, the Court issued an Opinion and Order imposing sanctions on Plaintiff

Frederick J. Keitel, III ("Keitel") and Spencer Robbins, a lawyer purporting to represent other

Plaintiffs. *Keitel v. D'Agostino*, No. 21-CV-8537 (JMF), 2023 WL 3560553 (S.D.N.Y. May 19,

2023) (ECF No. 119). The Court directed Defendants to submit records of their attorneys' fees

and costs and gave Keitel and Robbins an opportunity to respond. *Id.* at *6. Defendants

submitted their attorneys' fees and costs, ECF Nos. 120 and 121, but rather than respond to those

submissions, Keitel instead submitted two new motions: a motion to disqualify the undersigned

and a motion for leave to file suggestion of bankruptcy and stay the proceedings, ECF Nos. 122

and 123. These motions are wholly frivolous and, thus, are DENIED.

First, Keitel's motion to disqualify the undersigned is not only frivolous, but it reinforces

the soundness of the Court's prior decision imposing sanctions on him. Keitel continues his

pattern of making baseless accusations against all of those — lawyers, judges, and others — that

have opposed or rejected his years-long legal campaign. For example, without any evidence, he

accuses the undersigned of engaging in improper, *ex parte* communications with other judges

before whom Keitel has cases.  *See* ECF No. 122, at 2.[1]  To be clear, neither the undersigned nor

the undersigned's staff has ever spoken about this case or about Keitel to anyone, let alone those

that Keitel lists.  These inflammatory accusations of unethical behavior underscore the

appropriateness of sanctions.  *See id.* at 2-3; *Keitel*, 2023 WL 3560553, at *3.[2]

Second, the motion to stay the proceedings is also without merit.  Keitel claims without

support that he cannot afford the $1,000 fine the Court imposed as part of its sanctions decision.

ECF No. 123, at 5; *see also Keitel*, 2023 WL 3560553, at *4 & n.4.  But Keitel does not indicate,

for example, that he would be unable to afford Defendants' attorneys' fees and costs.  Nor does

he provide any information, let alone evidence, about his financial situation.  More broadly,

while the Court must take into account Keitel's financial circumstances in awarding monetary

sanctions, *see, e.g.*, *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992), Keitel has provided no

factual basis to conclude that he lacks the financial resources to pay the modest $1,000 sanction.

Accordingly, the Court cannot conclude that Keitel is unable to afford the monetary sanctions.

In addition, Keitel provides no evidence to support his claim that a bankruptcy stay is in

effect.  *See* ECF No. 123, at 5.  Keitel's bankruptcy case, *In re Frederick J Keitel, III*, Case No.

15-B-21654 (S.D. Fla. filed June 29, 2015), was closed on May 12, 2020, *id.*, ECF No. 1468,

and, despite Keitel's multiple requests, has not been reopened, *see id.*, ECF No. 1502.  Indeed,

on June 8, 2023, the bankruptcy court denied Keitel's most recent motion to reopen the case.  *Id.*;

*see also* ECF No. 124-1 (Defendants' exhibit showing the bankruptcy court order denying

Keitel's motion to reopen).  Because there is no pending bankruptcy case, there is no stay —

---

[1]     Unless otherwise noted, citations to docket entries are to the page numbers automatically generated by the Court's Electronic Case Filing (ECF) system.

[2]     If anything, they would independently support the imposition of additional sanctions.

automatic or otherwise.  Once again, Keitel's false suggestion otherwise underscores the soundness of the Court's imposition of sanctions.  **Indeed, the Court warns Keitel that by continuing to file frivolous and inflammatory documents, he risks additional sanctions.**

Finally, the Court has reviewed Defendants' accounting of attorneys' fees and costs.  The Court largely approves them, with two exceptions.  Both sets of Defendants' attorneys seek fees for their work on Keitel's pending appeal in the Second Circuit and on his other cases in Florida. *See* ECF No. 120-1, at 16, 22-24, 26-28; ECF No. 121-1, at 3-4, 17, 30, 32, 34.  But the Court ordered Keitel and Robbins to pay the attorneys' fees and costs Defendants incurred as a result of their conduct in *this* case.  *See* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule . . . may include . . . part or all of the reasonable attorney's fees and other expenses *directly resulting from the violation*." (emphasis added)); 28 U.S.C. § 1927 ("An attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees *reasonably incurred because of such conduct*." (emphasis added)).  The fees attributable to Keitel's cases in Florida and his pending appeal in the Second Circuit were not directly related to his conduct in this case.  Accordingly, the Court will not award the fees Defendants seek for their work on the Florida and Second Circuit cases.  For Shutts & Bowen LLP, representing, *inter alia*, Defendant FJK-Tee Jay, Ltd., this comes out to a reduction of 9.2 hours, or $5,588 in fees; for Elman Freiberg PLLC, representing Defendants Fox Rothschild, LLP and Heather Ries (the "Fox Defendants"), it comes to 9.2 hours, or $3,670.50.

Otherwise, the fees Defendants seek are reasonable.  The Court therefore awards Defendant FJK-Tee Jay, Ltd. **$92,037.91** in attorneys' fees and costs, and awards the Fox

Defendants **$103,308.88** in attorneys' fees and costs.  Keitel and Robbins are hereby ORDERED, on a joint and several basis, to pay these fees and costs by **July 10, 2023.**

Keitel was further ordered to pay $1,000 fine to the Clerk of Court by June 2, 2023.  To date, Keitel has not made the payment.  Given that Keitel has not made a showing that he is financially unable to pay the fine, he is not relieved of this obligation.  In the interests of justice, however, Keitel's deadline to pay the $1,000 to the Clerk of Court is extended, *nunc pro tunc*, to **June 26, 2023**.  If Keitel fails to timely pay the fine to the Court, or if Keitel and Robbins fail to timely pay Defendants' attorneys' fees and costs, then the Court may, as appropriate, increase the sanction or impose additional sanctions.

The Clerk of Court is directed to terminate ECF Nos. 122 and 123.

SO ORDERED.

Dated: June 12, 2023
      New York, New York

                            JESSE M. FURMAN
                          United States District Judge