UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
FREDERICK J. KEITEL, III et al.,                                   :
                                                                   :
                                    Plaintiffs,                    :          21-CV-8537 (JMF)
                                                                   :
            -v-                                                    :     MEMORANDUM OPINION
                                                                   :          AND ORDER
                                                                   :
THOMAS B. D'AGOSTINO, SR. et al.,                                  :
                                                                   :
                                    Defendants.                    :
                                                                   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On June 26, 2023, Plaintiff Frederick J. Keitel, III, proceeding *pro se*, filed what the

Court construed to be a motion for reconsideration of its Opinion and Order imposing sanctions

on him and on Spencer Robbins, an attorney who previously represented the entity Plaintiffs in

this now-dismissed case.  *See* ECF Nos. 135, 136.  Keitel claimed that he lacked the ability to

pay any sanctions award.  ECF No. 135.  Based on that, and Keitel's recently filed application to

proceed *in forma pauperis*, in which Keitel stated under penalty of perjury that his gross monthly

income was $1,556.10, *see* ECF No. 129, the Court sought responses from Defendants

addressing how the Court should proceed, ECF No. 136.  Defendants argue that, regardless of

Keitel's ability to pay, Keitel's conduct before this Court warrants sanctions and that the

sanctions amount should therefore not be modified.  ECF Nos. 137, 138.  In the interim, Robbins

filed a motion to vacate the sanctions award imposed against him.  ECF No. 139.  Finally,

despite not being granted leave to file any responses, Keitel has filed three separate responses to

Defendants' letters.  ECF Nos. 140, 142, 143.  The Court will first address the imposition of

sanctions against Keitel before turning to Robbins's motion to vacate.

As an initial matter, there was a solid basis to impose sanctions on Keitel. As detailed extensively in the Court's prior opinions, *see, e.g.*, ECF Nos. 119, 125, Keitel has repeatedly filed frivolous motions, impugned the integrity of the Court, and forced Defendants to bear significant costs in litigating this and other cases. Such behavior plainly warranted sanctions. Making matters worse, even since the Court imposed sanctions, Keitel has *continued* to file frivolous papers, attempting to relitigate the same issues over and over again, despite the Court's award and repeated warnings. *See, e.g.*, ECF Nos. 130, 140, 143.

Second, Keitel's circumstances do not warrant reconsideration of the award. Granted, district courts must consider a party's ability to pay before imposing sanctions. *See, e.g.*, *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992); *Oliveri v. Thompson*, 803 F.2d 1265, 1281 (2d Cir. 1986). At the same time, litigants should also "not be given a 'free pass' just because they have limited financial resources." *Muller v. Twentieth Century Fox Film Corp.*, No. 08-CV-2550 (DC), 2011 WL 3678712, at *4 (S.D.N.Y. Aug. 22, 2011); *see also Latin Am. Music Co. v. Spanish Broad. Sys., Inc.*, No. 13-CV-1526 (RJS), 2020 WL 2848232, at *9 (S.D.N.Y. June 1, 2020) (explaining that, even for litigants facing financial hardship, "[c]ourts have a strong interest in deterring unreasonable actions through fee awards"). And here, Keitel's actions during this litigation cast significant doubt on his representation that he is impoverished and relies solely on Social Security income. *See* ECF No. 138, at 4.

For example, as Defendants note, according to Keitel's own representations in this litigation, Keitel took a month-long trip to South America in December 2022; Keitel unnecessarily named and served numerous defendants in this case at a cost in excess of $10,000; and Keitel maintains an address in Manhattan, despite living in Florida. *Id.* In addition, Keitel paid a paralegal from Robbins's law firm to file papers in this proceeding for him. *See* ECF No.

140, at 2.  And Keitel paid the filing fee in both this case and his pending appeal.

Conspicuously, he did not seek leave to proceed *in forma pauperis* until the Court had already

imposed sanctions.  Moreover, despite explicit invitation and ample opportunity, Keitel has

never submitted any documentary support for his claim of financial hardship.  *See, e.g.*, ECF No.

119, at 9 n.4 (granting Keitel "leave to make a showing [of his inability to pay]"); ECF No. 125,

at 2; *cf. Muller*, 2011 WL 3678712, at *4 (reducing fee award from $150,000 to $40,000 in light

of documentary evidence that the plaintiff's yearly income was just $7,124).

Given the ample evidence that Keitel has more financial resources than his *in forma*

*pauperis* application suggests, and given his failure to provide any documentary evidence to

support his claim of financial hardship, the Court declines to credit Keitel's self-serving assertion

that he lacks the means to pay the sanctions award.  *See Latin Am. Music Co.*, 2020 WL

2848232, at *9.  Accordingly, the Court will not reduce the amount of sanctions it imposed.

Keitel remains obligated to pay a $1,000 fine to the Court; $92,037.91 to Defendant FJK-Tee

Jay, Ltd., and $103,308.88 to the Fox Defendants.  *See* ECF No. 125, at 4-5.

Pursuant to the Court's Opinion and Order imposing sanctions, Robbins is jointly and

severally liable for Defendants' attorneys' fees.  ECF No. 119, at 12.  As the Court previously

noted, Robbins permitted Keitel to file papers on ECF using his log-in credentials, making it

significantly easier for Keitel to continue his pattern of frivolous filings, and purported to

represent one entity, FJK IV, despite his termination as counsel.  *See id.* at 11-12.  Robbins

contends, however, that he has been uninvolved in this case for almost a year and that Keitel's

use of his log-in credentials was an inadvertent error by Robbins's paralegal, whom Keitel had

separately hired to file Keitel's motion for reconsideration, ECF No. 94.  *See* ECF No. 139, at 4-

6; ECF No. 139-1, ¶¶ 4, 11, 14, 16.  Robbins asserts repeatedly that he did not sign any papers

filed in this case since he was disqualified as counsel and that he therefore should not be held accountable for Keitel's wrongdoing.  ECF No. 139-1, ¶¶ 12, 23-24.  Moreover, Robbins states that he was seriously injured in February 2023 and, as a result, was unaware of the orders in this case regarding sanctions and directing him to respond.  *Id.* ¶¶ 15, 18, 24.  Keitel, in his unauthorized filings, reiterates much of Robbins's account, stating that he hired a paralegal from Robbins's firm to help him file papers in this case and that the paralegal mistakenly filed them using Robbins's ECF credentials, and confirming that Robbins has not been involved in the case since summer 2022.  ECF No. 140, at 2-3.

The Court is certainly sympathetic to Robbins's health issues.  But Robbins's excuse that he has been uninvolved in this case since last summer does not hold water; it makes matters worse.  Robbins claims that his paralegal mistakenly used his ECF log-in credentials to file Keitel's motion for reconsideration, but Robbins does not account for, or even acknowledge, the many other filings on his ECF under his name.  *See, e.g.*, ECF Nos. 82, 85-86, 89, 96, 100, 102, 109, 115.  These date back more than a year, before Robbins was purportedly uninvolved in the case — albeit *after* he was terminated as counsel.  Even if Robbins did not authorize his paralegal to use his ECF credentials for Keitel's motion for reconsideration, that does not excuse these other filings, many of which were prolix, frivolous, and inflammatory.  *See, e.g.*, ECF Nos. 60-1, 85, 89.  Conspicuously, neither Keitel nor Robbins makes a claim that Keitel used Robbins's ECF log-in credentials without consent for all of *these* filings.  And in any event, Robbins is ultimately responsible for his ECF credentials and the contents of any filings made using these credentials.  ECF No. 119, at 12 (citing S.D.N.Y. ECF Rules & Instr. ¶ 8.1).  For the same reason, Robbins's argument that Keitel's use of his ECF credentials caused no prejudice to Defendants, *see* ECF No. 139, at 4-5, is unavailing.  Because Robbins's is responsible for the

contents of these filings, he cannot avoid liability by saying that Keitel could just as easily have filed them using the *pro se* filing system.  The fact is these filings bear Robbins's log-in credentials, which act as his signature.  These filings burdened Defendants and the Court.[1]  The Court thus declines to vacate the sanctions award against Robbins.[2]

Accordingly, Keitel is hereby ordered to pay $1,000 in sanctions to the Clerk of Court **within fourteen days of the date of this Opinion and Order**.  Keitel and Robbins are hereby ordered, on a joint and several basis, to pay Defendants' attorneys' fees by **August 12, 2023.** That concludes litigation of these issues in this Court.  Keitel is, of course, free to challenge the Court's decisions on appeal.  But the Court does not expect him to do so further here.  Put differently, the Court expressly warns Keitel that if he continues to file frivolous submissions before this Court attempting to relitigate the same issues this Court has already decided, **the Court will impose a filing injunction on Keitel and will not hesitate to impose additional monetary sanctions**.

The Clerk of Court is directed to terminate ECF No. 143.

SO ORDERED.

Dated: July 14, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1]     Robbins notes that he has been a judge in a "limited criminal court for over 25 years." ECF No. 139-1, ¶ 10.  If anything, this strengthens the Court's conclusion that Robbins should be held jointly and severally liable for the sanctions imposed because, more than most, Robbins understands the importance of the integrity of the judicial system and should have been more vigilant about attempts to undermine and impugn it.

[2]     As Defendant FJK-Tee Jay, Ltd. Points out, *see* ECF No. 144, Robbins filed his response as a new motion to vacate, but the Clerk directed him to refile; Robbins has failed to do so, so it is not clear whether the motion is operative.  But the Court construes Robbins's motion as a response to its Order rather than a new motion, and because it declines to vacate the sanctions award, it need not give Defendants an opportunity to respond.