UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :

FREDERICK J. KEITEL, III et al.,              :

                            Plaintiffs,                :

                                                  :          21-CV-8537 (JMF)

            -v-                               :

                                                  :             <u>ORDER</u>

THOMAS B. D'AGOSTINO, ST. et al.,       :

                            Defendants.            :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On December 20, 2023, this Court issued an Order to Show Cause, giving Plaintiff Frederick J. Keitel, III — a disbarred attorney with a long history of abusing the court system — until January 25, 2024, to show cause in writing why he should not be held in contempt for failing to obey Court Orders.  *See* ECF No. 162.  On January 18, 2024, Keitel filed a motion seeking an extension of the deadline to February 18, 2024, claiming that he needed more time as a result of ongoing health issues and medical care.  *See* ECF No. 164.  By endorsement dated the next day, the Court ordered Keitel, no later than January 31, 2024, to submit to the Court, for *ex parte* and *in camera* review, "medical records substantiating his medical conditions and care"; the Court reserved judgment on the request for an extension pending that submission.  ECF No. 165.

        The January 31, 2024 deadline came and went with nothing.  Instead, since that time, the Court has received two additional motions seeking extensions, one (attached as Exhibit A to this Order) by email on February 21, 2024, and one filed on March 19, 2024.  *See* ECF No. 167.  The Court would be on firm ground denying Keitel more time given the long history of this case and, among other things, Keitel's failures to meet the January 25th deadline and to substantiate his medical situation by the January 31st deadline.  Out of an abundance of caution, however, the Court

grants Keitel **one final** extension, *nunc pro tunc*, to **March 28, 2024** (the date *he* proposes in his most recent extension motion), to (1) respond to the Court's Order to Show Cause why he should not be held in contempt *and* (2) comply with the Court's January 19th Order by submitting medical records substantiating his medical conditions and care.  **Failure to comply by the deadline will almost certainly result in Keitel being held in contempt — and either fined for each day or week that he continues to fail to comply with the Court's Orders and/or being remanded to the custody of the U.S. Marshal Service until he complies.**  *See, e.g.*, *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) ("[A party] may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." (internal quotation marks omitted)).  Defendants are granted leave to file a response (or to note Keitel's non-compliance with this Order) by **April 4, 2024**.

Defendants are ORDERED to serve a copy of this Order to Show Cause on Keitel through certified mail and e-mail and to file proof of such service by **March 25, 2024**.  Defendants are also encouraged to notify Keitel of this Order through any additional practicable means, including telephone, prior counsel, and the like.

Out of an abundance of caution, the Clerk of Court is also directed to mail a copy of this Order to Frederick J. Keitel, III, P.O. Box 3243, Palm Beach, FL 33480.

SO ORDERED.

Dated: March 22, 2024  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge

# EXHIBIT A

**Furman NYSD Chambers**

| | |
|---|---|
| **From:** | RICK KEITEL <rickkeitel@aol.com> |
| **Sent:** | Wednesday, February 21, 2024 11:56 AM |
| **To:** | Temporary Pro Se Filing NYSD; Temporary Pro Se Filing NYSD |
| **Cc:** | Furman NYSD Chambers; Gary A. Woodfield; echristu@shutts.com |
| **Subject:** | Pro_Se_Filing Case No. 21-08537 Keitel v. D'Agostino et al |
| **Attachments:** | 2-21-24 NYSD NOF.docx; SD-SDFLA-#23-8-27-18-Forma Pauperis.pdf; SD Fla #25  91818.pdf |

**CAUTION - EXTERNAL:**

Attached please file the following:

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.



The Case 9:17-cv-81260-DMM Document 23 Entered on FLSD Docket 08/27/2018

Appellant has filed the required documentation to show his indigent status. Based on the record,I find  that Appellant is indigent


Case 9:17-cv-81260-DMM Document 23 Entered on FLSD Docket 08/27/2018

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 1:21-cv-08537-JMF

FREDERICK J. KEITEL, III, et al.,
Appellant Plaintiffs,

vs.
THOMAS B. D'AGOSTINO, SR., et al.,

Appellee Defendants.

_____/

## NOTICE OF FILING EXHIBITS, COURT ORDERS AND MOTION FOR EXTENSION OF TIME

COMES NOW, Appellant/Plaintiff, Frederick J. Keitel, III, ("Keitel"), pro se, and files Notice of Filing Exhibits Court Orders and Motion for Extension of Time and respectfully requests this Court pursuant to FRCP and FRAP to grant this Motion for Extension of Time to File to file responses to OTSC in this case and for the following reasons:

1. Appellant/Plaint files the Notice of Filing of Order(s) regarding *In Forma Pauperis* from the U.S. District Court, Southern District Florida Case No. 17-cv-81260-DMM, without explanation, that will be provide on March 8, 2024.

2. Appellant/Plaintiff was declared *In Forma Pauperis,* despite his motion for reconsideration and sworn statement.

3. It apparent that Keitel can't even convince any federal judge regarding of the truth, after filing sworn statement, due to bias and prejudice as a material witness in the federal and state investigation began by the Hon. Paul G. Hyman Chief Judge of the U.S. Bankruptcy Court into threats, extortion, corruption and case fixing.

4. The investigation ordered by the chief judge into Robert Furr, past president of the National Association of Bankruptcy Trustees and Heidi Feinman, U.S. Trustee, senior trial lawyer was obstructed after Judge Erik Kimball converted the case from CH 7 to CH 11, sealed the audio recording, all emails and substantial evidence of criminal conduct and prevented the FBI, US Attorney from reviewing the threats.

5. As this court knows that only Florida Supreme Court Referee, Judge Singer (same level as Judge Murphy) was the only judge who reviewed all the evidence, including seal transcript and opined that the FBI should investigation Judge Kimball, even though he was a federal judge, who refused to allow the Florida Supreme Court referee review the audio recording to prove Keitel's claims. The audio is the best evidence to prove

that Robert Furr threatened and extorted over $230,000.00 using the Bankruptcy Court and U.S. Trustee's office as a threat of Ch 7, and appointment of friendly Trustee to ruin Keitel.

6. As this court knows, it's easy to influence the outcome of a case by denying all the evidence to get to the Court's narrative. Judge Singer was the only judge with the balls to read the transcript, seek the Florida Judicial Qualification Committee's approval /consent, before she asked Judge Kimball to release a copy of the January 13, 2016 audio recording to prove wither Keitel was truthful or the Judge Kimball lied about the evidence, criminal conduct sealed the audio and obstructed the investigations, when Judge Kimball  revied the audio recording alone in chamber, with any parties, counsel or even the U.S Trustees Office present/

6. This court, Judge Furman refused to unseal the audio recording, proving Keitel was truthful on all allegations, or that the Florida Bar Order [written entirely by the Florida Bar] *after* their last minute *motion in limini* granted by Judge Murphy on the eve of trial, *striking all evidence,* over 115 exhibits previously agreed to by Judge Singer and the Florida Bar allowing all evidence by agreement as far back as January 25, 2019.

7. Judge Kimball's action were not only to obstruct the investigations by a judge without criminal jurisdiction, but to protect himself, the Bankruptcy Court, U.S. Trustee's Office, Shutts & Bowen, their lawyers and others from a full-blown investigation and criminal indictments regarding years of corruption, case fixing extortion and threats.

8. The substantial compelling evidence proved that Heidi Feinman testimony on September 2, 2020 under subpoena from Appellant Keitel refused to answer material questions regarding the criminal investigation citing privileged, when represented by U.S Department of Justice lawyers and U.S Attorney's Office Washington D.C and Miami.

9. The DOJ and U.S Attorney Miami, did provide compelling evidence on September 1, 2020, one day prior to Fenman's deposition of emails between Shutts & Bowen lawyer, including lawyers in this case, Larry Glick, Eric Christu and Jonathan Hart in conspiracy to defraud Keitel and obstruct justice.

10. Shutts lawyer were a go-between nefariously funneling documents and depositions between Heidi Feinman and Robert Furr in October 2016 during their testimony before the FBI, U.S. Attorney during the investigation.  Ms. Feinman [and her lawyers DOJ, U.S. Attorney, Miami

refused to allow her to testify which agencies, conducted the investigation(s) citing privilege.

11. Despite Judge Hyman's specific instructions that Keitel be questions as tom the threats, extortion corruption, and despite Keitel's pleas' take his testimony, no one would contact Keitel during the investigation.

12. Keitel did meet with the FBI, in late 2018 and received correspondence in January/February 2019, but the U.S Attorney's Office killed any further meetings with Keitel.

13. So when this Court, Judge Furman and other judge say there is no evidence, it simply means that they refuse to review and the actual evidence, audio recording, email evidence, because the audio recording of Robert Furr screaming threats at the top of his lungs at Keitel on January 13, 2016  after Keitel fired him, when he stated FUCK YOU, YOU DO WHAT I WANT,  OR FUCK,  A TRUSTEE WILL BE APPOINT AND TR . .. .AND YOU'LL ALL YOUR ASSETS LIKE BRET (meaning WMK Properties, Keitel co.) YOUR DEAD, YOU HEAR ME, GO FUCL YOURSELF.

14. Furr reused to cancel the January 13, 2016 hearing refused to accept he and his law firm were fired, lost all authority to act on behalf Keitel and

his companies and threatened to destroy Keitel using the court and U.S. trustee's office (and did destroy Keitel using with Shutts lawyers, U.S. Trustee (see March & Oct 2016 emails) and others.

15. Appellant/Plaintiff is still recovering from surgeries, was hospitalized 3 times from mid-December and is undergoing Chemotherapy and immunotherapy in a clinical trial at Moffitt Cancer Center, Tampa, including all day 8-12 treatments, including yesterday February 20, 2024 which prevented him from complying with multiple court orders, and requesting extension in all matters.

16. Due to health issues, Appellant/Plaintiff hasn't addressed any of the issues in the appellate cases before the U.S. Court of Appeals, Court of Appeal for the Second Circuit or Fourth DCA, Palm Beach, Florida,

17. Appellant/Plaint files the Notice of Filing of Order(s) regarding *In Forma Pauperis* from the U.S. District Court, Southern District Florida Case No. 17-cv-81260-DMM, without explanation, that will be provide on March 8, 2024.

18. The Court should take notice that Shutts & Bowen and it lawyers Eric Christu, Larry Glick and Jonathan Hart received millions of dollars in legal

fees, in all cases including Case No.17-cv-81260-DMM, and could have notified the court of these orders to save time

19. Appellant/Plaintiff files this motion for extension of time not for delay, but due to continuing health issues. There is no prejudice to defendants, or the court, but out of necessity to adequately prepare the issues, and Appellant/Plaintiff is filing this at the same time requesting an agreed from defendants. Appellant/Plaintiff has no reason to believe defendants would object.

20. The evidence is compelling that Judge Kimball sent the Florida Bar a complaint against Keitel as retaliation for Keitel's allegations against Kimball and violating a court order by releasing the January 13, 2016 audio transcript that Florida Bar referee Judge Singer [a criminal law judge, with actual authority] found so disturbing that she requested the actual audio recording so she could confirm the truth.  Judge Singer recognized that Judge Kimball had no criminal authority, yet prevent the FBI, US Attorney and Palm Beach State Attorney from viewing the cover up and obstruction of Justice.

21. Judge Kimball actions were a signal that no one agency should open this can of worms, which would have widespread incriminates to the

Bankruptcy Court, U.S. Trustee's Office and could/would/might cause thousands of cases to be set aside for review.

22. Appellant/Plaintiff provides confirmation that the attached Court Order still in effect as *In Forma Pauperis* is sufficient

23. Under penalty of perjury, I Frederick J. Keitel, III, swear that all the statements herein are truthful to the best of my knowledge.

   WHEREFORE, having shown good cause for this Motion for Extension of Time for the OTSC, and to provide additional information for U.S. District Court, Southern District Florida Case No. 17-cv-81260, Appellant/Plaintiff requests an extension of an additional 15 days, until March 7, 2024 to days to file responses to any motions, pleading orders, until March 8, 2024

Submitted this day of February 21, 2024.

*/s/Frederick J. Keitel, III*

Frederick J. Keitel, III, pro se
P.O. Box 3243
Palm Beach, FL 33480
Ph: (561) 310-6864

Email: rickkeitel@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 21st of February 2024, the foregoing documents are a true and correct copy filed via CM/ECF the federal court

electronic filing system "Temporary_Pro_Se_filing@uscourts.gov for filing with the Clerk of Court, US District Court, Southern District, New York, 40 Foley Street, New York, NY 10007 and to all parties on the Service List via transmission of a notice of electronic filing generated by CM/ECF or through other approved means and to the Chambers of Judge Jesse Furman, to prevent additional Order regarding this issues

*/s/Fredrick J. Keitel, III*

Frederick J. Keitel, III, pro se

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-81260-CV-MIDDLEBROOKS

FREDERICK J. KEITEL III,

    Appellant,

v.

FJK TEEJAY, LTD.,

    Appellee.

_____/

## ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

THIS CAUSE comes before the Court on Appellant Frederick J. Keitel III's Motion for Leave to Appeal *In Forma Pauperis*, filed August 23, 2018. (DE 22). For the reasons set forth below, the Motion is denied.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. A court of the United States may authorize a party to proceed *in forma pauperis* upon an affidavit of indigency. 28 U.S.C. § 1915(a); *see* Fed. R. App. P. 24(a)(1). An appeal, however, "may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *accord* Fed. R. App. P. 24(a)(3)(A). A party who seeks appellate review of an issue does so in good faith if the issue is not frivolous from an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An *in forma pauperis* action is frivolous "if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). Alternatively, where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

Appellant has filed the required documentation to show his indigent status. Based on the record, I find that Appellant is indigent. However the basis for his appeal is frivolous. Appellant states that he was "denied due process when [his] case was dismissed because appellant did not receive notice of order consolidating case and setting deadlines for initial brief." (DE 22 at 1). Appellant's bankruptcy appeal was pending in this Court for over six months without his filing of an initial brief, and he failed to comply with the court's final filing deadline despite warnings that his appeal would be dismissed. The record reflects that Appellant's address of record has not changed since this case originated in November of 2017. (DE 2 at 1). The appeal therefore lacks any "arguable merit." *Napier*, 314 F.3d at 531.

Accordingly, it is **ORDERED** and **ADJUDGED** that Petitioner's Motion for Leave to Appeal *In Forma Pauperis* (DE 22) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 27 day of August, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:  Counsel of Record

**Frederick J. Keitel, III**
*PRO SE*
P.O. Box 3243
Palm Beach, FL 33480

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-81260-CV-MIDDLEBROOKS

FREDERICK J. KEITEL III,

    Appellant,

v.

FJK TEEJAY, LTD.,

    Appellee.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court on Appellant Frederick J. Keitel III's Motion for Reconsideration of Order Denying Motion for Leave to Appeal *In Forma Pauperis*, filed September 10, 2018. (DE 24). On August 23, 2018, Appellant filed a form Motion for Permission to Appeal in Forma Pauperis and verified via a signed affidavit that due to "lack of funds" he could not prepay the docket fees for his appeal. (DE 22 at 1). On August 27, 2018, I denied the motion, finding that although Appellant had filed the required documentation to show his indigent status, the basis for the appeal was frivolous and therefore it would not be allowed to proceed. (DE 23). Appellant now moves the court to reconsider that order, asserting that he "is not indigent, and never meant to infer that he was," and that he had only filed the Motion for Leave to Appeal *in forma pauperis* to avoid borrowing funds to pay the required fees. (DE 24). Appellant also takes issue with my conclusion that his appeal lacked any arguable merit.

A Rule 60(b) motion for reconsideration should only be filed when "absolutely necessary" where there is: (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) a need to correct manifest injustice or a clear error of law or fact. *See*

*Board of Trustees of Bay Medical Center v. Humana Military Healthcare Services, Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006) (citations omitted). Appellant points to no manifest error of fact or law which warrants reconsideration of the findings I made in the prior Order.

Accordingly, it is **ORDERED** and **ADJUDGED** that Petitioner's Motion for Leave to Appeal *In Forma Pauperis* (DE 22) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 17 day of September, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

**Frederick J. Keitel, III**
*PRO SE*
P.O. Box 3243
Palm Beach, FL 33480