UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                    :
FREDERICK J. KEITEL, III et al.,                                    :
                                                                    :
                                    Plaintiffs,                     :
                                                                    :                    21-CV-8537 (JMF)
                    -v-                                              :
                                                                    :                    ORDER
THOMAS B. D'AGOSTINO, ST. et al.,                                   :
                                                                    :
                                    Defendants.                     :
                                                                    :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On March 27 and 28, 2024, Plaintiff Frederick J. Keitel, III sent emails to the Court with responses to the Court's December 20, 2023 Order to Show Cause, copies of which are attached as Exhibits A and B to this Order.  As noted in the Court's Order of March 22, 2024, Defendants' deadline to file any reply to Keitel's response is **April 4, 2024**.  *See* ECF No. 168.

        Additionally, the Court reminds Keitel of the Court's Individual Rules and Practices in Civil *Pro Se* Cases (available at http://nysd.uscourts.gov/judge/Furman), which prohibit *pro se* Plaintiffs from directly contacting Chambers.  A *pro se* party may file papers with the Court in a few ways, including by mailing or delivering them to the *Pro Se* Intake Unit or by emailing them as an attachment in PDF format to Pro_Se_Filing@nysd.uscourts.gov.

        The Clerk of Court is directed to mail a copy of this Order, **without** Exhibits A and B, to Frederick J. Keitel, III, P.O. Box 3243, Palm Beach, FL 33480.

        SO ORDERED.

Dated:  March 28, 2024
      New York, New York
                                      JESSE M. FURMAN
                                  United States District Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO. 1:21-cv-08537-JMF**

FREDERICK J. KEITEL, III, et al.,

  Appellant Plaintiffs,

vs.

THOMAS B. D'AGOSTINO, SR., et al.,

  Appellee Defendants.

_____/

## APPELLANTS' RERSPONSE TO ORDER TO SHOW CAUSE

COMES NOW, Appellant/Plaintiff, Frederick J. Keitel, III, ("Keitel"), pro se, and respectfully files Appellants Response to Order to Show Cause and states for the following reasons:

On December 20, 2023 this court issued an order to show cause why appellant should not be held in contempt for failing to obey Court ECF No. 162 and January 18, 2024 motion seeking Appellants medical records, ECF No. 164.

Appellant has sent the court his medical records, condition and care on March 24, 2024.

1

As this court knows, appellant underwent multiple surgeries beginning in summer 2023, two surgeries for cancer October 4, 2023 sidelining Appellant for 23 days, by Moffitt Cancer Center, UF Health and Tampa General Hospital.

On December 14, 2023,  Appellant under went major surgery at Moffitt Cancer Center, was hospitalized again in late December and early January 2024.  Appellant is currently in a new one-year clinical trial undergoing both chemotherapy and immunotherapy at the same time at Moffitt Cancer Center, Tampa, Florida.

Due to Appellant's medical condition, Appellant overlooked orders, and pleadings in this case and others beginning sometime in late November 2023.

On November 21, 2023, Appellant prepared Notice of Filing, of the Court's Memorandum Opinion and Order ECF No.119, dated May 19, 2023, in response to the Court's Order ECF No.150.

  Appellant has no idea why Appellant's Notice of Filing motion (attached as Exhibit "1"), herein was never filed or accepted for filing by the 4th DCA in Case No 4D:23-0275, and until recently.

On June 20, 2023, plaintiff filed Notice of Compliance and Proof of Service [ECF 148]

2: Plaintiff listed the following two 4th DCA case(s) under compliance:

3.  _Frederick J. Keitel, III v Peter Callahan_ et al., Case No. 4D:23-0275. The 4th DCA website shows the following entries

Florida Appellate Case Information System

**6/21/2023 Misc. Events  -  Miscellaneous Docket Entry - Miscellaneous Document –**

3.  Frederick J. Keitel, III v. Darrel Hofheinez et al., Case No. 4D:23-0277:

**6/21/2023 Misc. Events  -  Miscellaneous Docket Entry - Miscellaneous Document –**

**Copy U.S. Bankruptcy Court Opinion and Order**

4.  However, in _Frederick J. Keitel, III v. Darrel Hofheinez_ et al., Case No. 4D:23-0277, the Court notation had "Copy U.S. Bankruptcy Court Opinion and Order" added.

6.  Plaintiff used the same filing document on the same dates, never recognized any difference until notified by Nason Yeager attorney, Gary Woodfield  and this Court November 9, 2023, and  has no idea why the two cases were labeled differently.

7.  Plaintiff could access the website, but couldn't open the June 20, 2023 document into the Court notation of Copy U.S. Bankruptcy Court Opinion and Order is added, see below

8. The best answer is to Show Cause response is: Plaintiff filed the same motions, same date,  at almost the same time, and plaintiff has no idea why the 4th DCA had a notation of filing, "Copy U.S. Bankruptcy Court Opinion and Order" , in _Hofheinez_, but not in the _Callahan_ case, or why the complete Opinion and Order wasn't filed properly in the Callahan case.

On November 21, 2023 Appellant filed the Notice of Compliance after drafting (and believing Appellant filed ECT No. 119 on November 21, 2024).  Appellant had no reason or intent to mislead the court, but was obviously preoccupied with medical issues and didn't check the site after believing it was filed. Appellant drafted it, though it was filed, had no reason to believe it wasn't filed. Appellant was preoccupied with tests, consultations, hospital visits and never looked at most orders, pleadings, and just kept filing  motion for extensions due to Appellant's treatments. Appellant only been out one day in the last 3-4 weeks.

While Appellant doesn't have an answer, it wasn't done to circumvent this court's order.  The motion was in Appellant computer and Appellant was unaware of additional court orders beginning late November 2023 due to multiple medical tests, appointments and consultations.

So to answer the Court's issue, Appellant has no idea today, why the motion drafted, prepared and ready to file was never filed on or before November 21st with the  the 4th DCA e-filing portal.

Appellant has since tried to file ECF No. 119 yesterday and today, but has been blocked for unknown reasons, and have a call into the 4th DCA to find a solution.

Appellant wants to address these continued efforts in court orders, by this court to distort the facts, prejudice appellant in every order as retaliation for Appellant affidavit and opinions on Judge Furman.

First, its time to respond to the court's continued language that Appellant is a "disbarred attorney" with a long history of abusing the court system. It's beneath this court, to repeat the same continued language to prejudice Appellant. It requires Appellant to notify each court of the actual facts.

This court is aware that the Florida Bar offered Appellant a 91-day suspension *if* Appellant Keitel agreed to refrain from publicly disparaging Judges, (exhibit "3), specifically Judge Kimball U.S. Bankruptcy Judge who lied about corruption, case fixing threats, extortion and criminal conduct against Keitel during in the January 13, 2016 audio recording (and Judge Sasser).

Judge Kimball listened in chambers, alone, without allowing anyone, including law enforcement to view the material evidence, then intentionally misrepresented the truth for the record.

Judge Kimball, bankruptcy judge, without criminal jurisdiction, sealed the audio recording, threats, emails of material evidence firing Robert Furr,

to interfering with state and federal investigations into corruption, case fixing, threats and extortion against Keitel.

The investigation was Order by the Chief Judge of the U.S. Bankruptcy, Judge Hyman (not Keitel) *sua sponte* on July 13, 2016 directed to the Assistant U.S Bankruptcy Trustee and the U.S Attorney, Southern District of Florida (see November 30, 2016 exhibit attached to motion to disqualify Judge Jessa Furman).

This court has continuously refused to acknowledge the Florida Supreme Court referee, Judge Singer, a criminal circuit court judge's opinion that the FBI should investigation Judge Kimball for his continued allegations  of a 'wild conspiracy theory" by Appellant.

Judge Furman should acknowledge the significance of a Florida Supreme Court referee, Judge Singer, opining that Judge Kimball should by investigated by the FBI. (Judge Singer sat next to Judge Murphy, both Broward circuit court judges).  Judge Murphy not only refused to allow any evidence previously admitted for two years into the Florida Bar hearing, but refused to acknowledged Judge Singer's opinions or her March 1, 2019 letter to Judge Kimball requesting a copy of the audio recording).

The Florida Supreme Court referee, and the Florida Bar senior trial counsel both agreed read the transcript of the January 13, 2016  audio recording entered into evidence) and then agreed  that Judge Kimball should turn over the audio recording to determine whether Keitel's allegations that Judge Kimball lied and covered up evidence were true. Judge Kimball refused, afraid the recording would be self incriminating.

I doubt that this court can find another state court judge or state Supreme Court judge anywhere in the United States that ever opined on the record that the FBI should investigate a federal judge, then challenged and moved for the recording, to demonstrate that the judge was disingenuous.

## CASE NO. 17-01245-EPK. FJK IV PROPERTIES, INC

**Case 17-01245-EPK Doc 1 Filed 06/23/17 Page 1 of 25**

FREDERICK J. KEITEL, III,

Debtor.                                                                 Adv. No.: 17-ap-_____

CASE NO.: 6:15-bk-21654-EPK

CHAPTER 7

RICHARD BLACKSTONE WEBBER, II,

Chapter 7 Trustee, and FJK I.V. PROPERTIES, INC.,

Plaintiffs,

 v.

THOMAS D'AGOSTINO, SR.; THOMAS D'AGOSTINO, JR.;

JONATHAN D'AGOSTINO, FJK-TEE JAY, LTD.;

FJK TEE JAY OF FLORIDA, INC., TEE JAY OF FLORIDA, RLLP,

a purged Virginia General Partnership; and

TEE JAY OF FLORIDA, GP, Defendants.

_____/

ADVERSARY PROCEEDING COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS AND POST PETITION TRANSFERS, FOR ACCOUNTING, FOR SETOFF, FOR TURNOVER, FOR BREACH OF FIDUCIARY DUTY, FOR DECLARATORY RELIEF, AND FOR INJUNCTION COMES NOW the Plaintiff, Richard Blackstone Webber, II, Chapter 7 Trustee ("Plaintiff" or "Trustee"), on behalf of Frederick J. Keitel, individually, and FJK I.V. Properties, Inc. ("FJK IV") the 49.5% limited partnership interest in FJK Tee Jay, LTD. and pursuant to Sections 105, 541, 542, 544, 548, 550, and 553 of the Bankruptcy Code and Federal Rules of Bankruptcy.

| | |
|---|---|
| (155 pgs; 23 docs) | Adversary case 17-01245. Complaint by Richard Webber, FJK I.V. Properties, Inc. against Thomas D'Agostino, Sr., Thomas D'Agostino Jr., Jonathan D'Agostino, FJK-Tee Jay, Ltd., FJK Tee Jay of Florida, Inc., Tee Jay of Florida, RLLP, Tee Jay of Florida. **Filing Fee Paid.** Nature of Suit:,(13 (Recovery of money/property - 548 fraudulent transfer), 11 (Recovery of money/property - 542 turnover of property), 434 (Injunctive Relief), 456 (Declaratory Judgment), 498 (other Action)) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O # 16 Exhibit P # 17 Exhibit Q # 18 Exhibit R # 19 Exhibit S # 20 Exhibit T |

| | # 21 Exhibit U # 22 Exhibit V) (Webber, Richard) Modified on 6/26/2017 to include additional causes of action. (Adam, Lorraine) (Entered: 06/23/2017) |
|---|---|

Judge Furman and this court have uncontroverted, undisputed adversary complaint almost word for word verifying Appellant Keitel's  allegations, rejected by this court

The US trustee, Richard Blackstone Webber, II, and his law firm Zimmerman Kiser & Suncliffe, PA ("ZKS") filed the verified complaint, and 125 pages of exhibits.  Does Judge Furman believe Webber and ZKS??

The only different is that Webber and ZKS sabotaged Keitel/FJK IV. dismissed all of Keitel/FJK IV's jury trial complaint, counterclaim, affirmative defenses, then filed the  18 Count, 25 page fraud and conspiracy complaint against the D'Agostino's and their companies.

The only different, is Keitel alleged Webber, ZKS and conspired with Shutts lawyers to file sham complaint outside the statute of limitations so all counts would be dismissed *after* Webber, ZKS dismissed Keitel's jury trial.

Does this court ready believe Webber and ZKS didn't know they screwed Keitel and FJK IV?  Judge Kimball prevented Keitel from

Intervening in the cases, then protected Webber and ZKS from lawsuits under the Barton Doctrine.

Judge Furman needs to review the 18 Count 25 page, 125 pages of exhibits, compelling substantial evidence of D'Agostino's fraud and backdating mortgage document and conspiracy.

Case 17-01245 proves that Keitel allegation were always true at all times. The only difference is that Keitel also included Shutts & Bowen, Eric Christu, Larry Glick, Jonathan Hart and others in the fraud and conspiracy.

It appears that Judge Furman is attempting to continuously prejudice, retaliate and discredit Keitel for Keitel's sworn affidavits and allegations against the court.

Webber and ZKS then committed a fraud against Keitel and FJK IV Properties, Inc ("FJKIV") on November 9, 2017 when they conspired with Shutts and their lawyers again and refused to raise the affirmative defense of "standing" against Tee Jay of Florida, RLLP, a Virginia limited liability partnership requested an Motion for Summary Judgment.

Webber and ZKS refused to raise the same defenses it filed in it's complaint Adv. Proc. Case No. 17-01245.

Even Judge Sasser, Keitel's nemesis raised serious questions about Webber's negligence (see Case No. 2018CA010381).

Webber, ZKS, Shutts lawyer all objected to Keitel's intervening in the state case, refused to allow Keitel/FJK IV from filing an affidavit to inform the court that Tee Jay of Florida RRLP lacked standing, never owned FJK Tee Jay, Inc stock, and every pleading affidavit, corporate resolution filed by Shutts was based on fraud.

Webber and ZKS again dismissed Keitel/FJK IV's complaint, counterclaims, affirmative defenses and jury trial and refused to file any affidavit stating the RLLP lacked standing, even though on October 27, 2017 Jonathan D'Agostino acknowledged in testimony before Judge Kimball, that RLLP never own stock in INC, that an entirely different entity with similar name was the actual owner,  Tee Jay of Florida, G.P ("GP") an Virginia general partnership.

This court, Judge Furman has had over 2 years to ask Shutts lawyers, Christo, Glick, Hart, and Webber ZKS whether RLLP was the owner of FJK Tee Jay INC stock.

Judge Furman refused to question the lawyers under oath, because this court knows that RLLP, it's officers, director, lawyers all lied under oath and

RLLP never owned INC stock under the FJK Tee Jay, Inc Shareholders Agreement.

This court has continuously questioned Keitel's allegations as false, "baseless against all of those – lawyers, judges and others that have opposed him . . .without any evidence"

Judge Furman has plenty of evidence that Keitel's allegations are/were truth at all times.   Judge Furman has (1) Judge Singer's opinion of Judge Kimball, (2) Judge Kimball's refusal to turn over the audio recording (3) this court's refusal to unseal the recoding (4) Judge Furman has case No 17-01245 verified and filed by the Trustee Richard Webber and his law ZKS with exactly the same allegations (without lawyers as defendants) Appellant filed in the RICO complaint against the same defendants (plus their lawyers) including Webber and ZKS.

Judge Furman has repeatedly refused beginning in initial March 2022 hearing, to question Shutts lawyers about their role in the fraud, perjury, suborning perjury and conspiracy to claim RLLP ever owned stock in FJK Tee Jay, Inc ("INC").

Judge Furman was repeated asked to read the first 2 paragraphs of the FJK Tee Jay, Inc Shareholder Agreement and signature page to prove Keitel/FJKIV's allegations.  Judge Furman's refusal raises questions of whether he was protecting Shutts and it's lawyers, Webber and ZKS lawyers and/or discredit Keitel in the RICO lawsuit to deflect from Keitel's allegation in the former federal and state corruption investigation.

<u>Florida Capital Management, LLC and Keitel</u>

In Appellant Keitel's Motion to Disqualify Judge Jesse Furman, appellant's motion and exhibit outlines, how Judge Hyman, Chief Judge of the U.S. Bankruptcy Court nine 99) hour evidentiary hearing opining on 8 separate occasion that Thomas D'Agostino lied and had no credibility on April 15, 2015 (see motion to disqualify).

On April 25. 2016 Judge Brunson , Palm Beach Circuit Court denied Shutts motion for summary judgment on Shutts, D'Agostino Trust MSJ.

On July 11, 2016. D'Agostino Trust lawyer Robert King admitted under oath that he lied in his testimony before Judge Hyman on April 15, 2015. D'Agostino and King are/were long term Shutts clients, who both testified on direct by Shutts lawyers Eric Christu, Jonathan hart and Larry Glick.

This court has substantial evidence, including emails that Shutts lawyers conspired with U.S. Trustee's office in February 2016 to have UST front run motions against FCM and Keitel in the bankruptcy court.

This court and Judge Furman also have  substantial evidence that in October 2016 during the investigation into corruption, case fixing, threats and extortion, that Shutts lawyers nefariously interfered with the administrate of justice, by passing depositions transcript between Robert Furr and UST senior trial lawyer  Heidi Feinman, both under federal and state investigation, as a quid pro quo payback.

On January 5, 2017 Webber as trustee then rejected Keitel's $5.5 million FVM "certified appraised value" to buy back his own property FCM's 237 Brazilian Ave property. Webber rejected Keitel's all cash offer, quick closing and signed a contract days later for only $4 million.

Judge Kimball ruled it was a business decision.  It meant that Webber could sell Keitel's property for only $4 million, after Webber rejected Keitel's $5.5 million (see Case No 15-21654, exhibit "___").

Webber later testified that he never saw an appraisal, even though his and ZKS legal invoices of over $250,000.00 shown he received and read the appraisal prior to rejecting Keitel's offer.

14

Webber worked with Shutts lawyers running up a $250,000++ invoices claimed that he refused to sell to Keitel because the property was worth $14 million and the mortgage was $9 - $10 million.  Keitel testified Webber was a lair, who committed perjury.

On June 26, 2017 weeks after  Webber, ZKS, Shutts and their lawyer fought for months to deny Keitel's intervention, Webber and ZKS refused to raise any defenses to a motion for foreclosure filed by D'Agostino Trust [after Webber and ZKS  dismissed FCM/Keitel's complaint, counterclaims, third party complaint, and affirmative defenses to a motion for foreclosure filed by D'Agostino Trust.

 The motion for foreclosure was exactly like the MSJ rejected by Judge Brunson on April 25, 2016.

Keitel who was denied motion to intervene and denied opportunity to file an affidavit sat as the Quassia Hotel, Capri for the 5 minute hearing, where Webber, ZKS agreed to a full judgment of $5,090,000.00 plus legal fees without raising any defenses.

Webber's sworn testimony that there was $9 million - $10 million mortgage was an intentional lie.  Webber conspired between with ZKS and

Shutts lawyers to prevent the sale to Keitel from $5.5 million on January 5. 2017 and defraud Keitel.

It was impossible to believe that Webber didn't have the payout from Shutts lawyers that was under $4.900,000.00 as of January 2017.  Webber and ZKS  conspired with Shutts to prevent a jury trail, dismiss all counterclaims  retaliate against on behalf of Judge Kimball for Keitel's role in the federal and state investigations and prevent a jury from hearing the evidence..

On June 26, 2017, at the end of the 5 minute hearing, I requested the Court disclose the court reporter.  Judge Ofedahl laughed and said there was there was no court reporter.  Webber, ZKS and Shutts conspired to agreed to a 100% judgment ($5,09,000.00) and to have no court reporter to present to prevent Keitel if and when he was able to sue.

Webber, ZKS and Shutts lawyers then conspired to defame Keitel with a newspaper reporter published in the Palm Beach Daily News, ("PBDN"), August 2017 stating the Keitel/FCM had no defenses to the foreclosure (see newspaper article, exhibit "__-").

The PBDN quoted Webber

"Attorney Richard B.  Keitel's court authorized Chapter 7 bankruptcy trustee who acts on his behalf in legal; proceedings – said the civil court that he had "no legitimate defenses (against) the motion for foreclosure".

### Defenses Webber and ZKS had Available to Deny June 26, 2017 Motion for Foreclosure

1. Forensic 30 page accounting by _____ with every check, wire transfer, payments that FCM/Keitel paid off the mortgage;
2. Judge Brunson's Denial of MSJ on exactly the same false allegation on April 25. 20167
3. April 15, and May 6, 2015 transcript of evidentiary hearing conducted by Chief Judge U.S. bankruptcy Court, Judge Hyman stating:
4. The deposition testimony of Robert King, Esq, who admitted that he lied under oath during direct testimony conduct by Eric Christo and Shutts lawyer on April 15, 2015,and  that he represented the D'Agostino trustee when he received a wire payment from FCM/Keitel lawyer Chuck Lubitz, Boose Casey et al on March 15, 2005.
5. Webber had the original wire transfer for $1,230 million receipt, from FCM/Keitel lawyers to Robert King, together with warranty deed and documents proving transfer of funds
6. Sworn testimony from Thomas D'Agostino, that he received the $1,230 million, never paid taxes, never told anyone and that be believed it was a gift from Keitel.

Judge Furman's relied entirely on Judge Murphy conclusions, ignored

all the following opinions herein above, even though Judge Murphy denied

all set all exhibits and refused to allow Keitel to testify about all criminal

allegations.

Judge Furman is determined to ignore the truth and substantial evidence,

protect the lawyers at the expenses of compelling substantial evidence

(presented by Judge Singer, Judge Hyman, Chief Judge U.S. Bankruptcy Court SDFL,January 13, 2-16 transcript filed in this case, motion to unseal January 13, 23016 audio recording, Judge Hyman' April 15, 2015 opining , Judge Brunson Order denying MSJ, Robert King's admission of lying on direct testimony ne Shutts lawyer (Christu's, Glick, Hart), emails from Shutts lawyer to US Trustee Feinman under Federal and State investigation, Forensic 30 page report demonstrating FCM/Keitel paid off D'Agostino.

Appellant will gladly filed an amended copy with sworn and notarized signature, affidavit, once Appellant can go out of the house in the next 3 -5 days.

WHEREFORE, having shown good cause for Appellant's reasons for not timely filing ECF No. 119, and substantial evidence questioning this Court's facts and judgment, Appellant respectfully requests this court reverse its order, notify 4th DCA and other Court's that it withdraws it's bias and prejudicial order, and requests the Court strike all documents Appellant was forced to submitted under an ill advised court order and for any other relief deemed appropriate.

Submitted this 28th day of March 2024.

*/s/Frederick J. Keitel, III*

Frederick J. Keitel, III, pro se

P.O. Box 3243

Palm Beach, FL 33480

Ph: (561) 310-6864

Email: rickkeitel@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that  on March 18th, 2024,  the foregoing documents are a true and correct copy  filed via CM/ECF the federal court electronic filing system "Temporary_Pro_Se_filing@uscourts.gov for filing with  the Clerk of Court, US District Court, Southern District, New York, 40 Foley Street, New York, NY 10007  and to all parties on the Service List via transmission of a notice of electronic filing generated by CM/ECF or through other approved means.

*/s/Fredrick J. Keitel, III*

Frederick J. Keitel, III, pro se

**EXHIBIT "1"**

**IN THE DISTRICT COURT OF THE STATE OF FLORIDA FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE WEST PALM BEACH, FLORIDA**

FREDERICK J. KEITEL, III
Appellant/Petitioner

vs.

PETER J. CALLAHAN et al.,
Appellee/Respondent.

**_____/**

**NOTICE OF FILING**

20

Appellant/Plaintiff, Frederick J. Keitel, III, ("Keitel"), pro se, respectfully files Notice of Filing the following Order and Opinions [ECF 119],in according with and motions with this court:

(1). .Opinion and Order [ECF 119] issued on May 19, 2023; by Judge Furman, Case No 21-08537.

Appellant/plaintiff, Frederick J. Keitel, III also files the following motions in response to the court's order [119];

(2)  Motion to Reopen Case(s) Based on New Evidence of Fraud, Collusion, Conspiracy and Obstruction of Justice [ECF 1498], May 10, 2023, Case No 15-21654; Case No. 4D:230-275L.T. No. 502018CA003840

(3).  Motion to Disqualify Judge Jesse M. Furman Pursuant to 28 U.S.C. 455 and/or 28 U.S. C. 144 [ECF 121], June 7, 2023;

(4).  Motion for Reconsideration Pursuant to Fed. R. Civ. P. Rule 59 and/or in Alternative Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 60 to Courts' Opinion and Order [ECF 119] and Memorandum Opinion and Order [ECF 125] (June 16, 2023).

(5).  Letter to Hon. Paul G. Hyman, former Chief US Bankruptcy Court, Southern District of Florida, dated June 8, 2023 requesting he order and

refer the reopening of investigations ordered into corruption, case fixing, threats and extortion, July 13, 2016.

In November 2023, Keitel, plaintiff in a RICO Complaint and Derivative Action, Case No. 21-cv-8537, U.S. District Court, Southern District of New York, ("NYSD"), filed a motion and sworn affidavit stating Judge Furman was "enabling perjury, fraud, false and fraudulent affidavits . . . ." Id. ¶ 24, See ECF 94], including:

- "The most disgraceful part of this 7 year cover-up of judicial corruption, is that Judge Jesse M Furman, US District Court Judge, Southern District of New York, a Yale educated lawyer J.D., Harvard University, Harvard College, B.A., Assistant US Attorney, clerk for Supreme Court Justice David Souter and two Federal Judges, U.S. District Court Judge Michael Mukasey, and U.S. court [sic] of Appeals Judge Jose Cabranes, who worked in office [sic] of the US Attorney General as Counselor to the Attorney General, named as a potential future nominee for the Supreme Court by NY Observer, zealously acted on behalf of defendants in this RICO case, to defend and protect the judges, law firms and lawyers, at the expense of the truth." Id. ¶ 17.
- "Judge Furman protected the same lawyers who drafted and filed false and fraudulent affidavits, to enable and allow the cover-up to continue . . . ." Id. ¶ 18.

- "Unfortunately Judge Furman, and the US District Court, SDNY refusal to address defendants' fraud . . . appears to be a lack the integrity to report fraud and perjury by defendants . . . . It's impossible to reconcile with Judge Furman [sic] education . . . ." Id. ¶ 19.

- "I have to call Judge Furman's bluff, challenging Judge Furman US District Court Judge, and this court, who falsely wrote that there is no evidence that defendants committed fraud . . . ." Id. ¶ 22.
- "Judge Furman is either embarrassed by the court [sic] ignorance, or he's simply aiding and enable [sic] a fraud on the court by his refusal to address the issue. Either way, if [sic] violate his judicial code of conduct." Id. ¶ 23.
- "Judge Furman is publicly allowing and/or enabling perjury, fraud, false and fraudulent affidavits . . . ." Id. ¶ 24.

As a result of the plaintiffs' motion and sworn affidavit, Judge Furman issued: Opinion and Order [ECF 119], on May 19, 2023, including Keitel's statements and sanctioned Keitel.

Coincidentally, Judge Furman's opinion, order and sanctions were issued 8 days after Keitel filed a motion requesting the reopening of an investigation against Heidi Feinman, Department of Justice-U.S Trustee senior trial lawyer and Robert Furr, past president of the National Association of Bankruptcy Trustees into corruption, case fixing, threats and extortion against Keitel, ordered and referred by the Chief Judge of the U.S. Bankruptcy Court, Hon. Paul G. Hyman to the U.S Trustee's Office and U.S. Attorney, Miami

As a sanction, Judge Furman ordered: "Keitel shall docket a copy of Opinion and Order in every pending case in which he is involved, in any court in the country . . ." [ECF 119].

WHEREFORE , Appellant/Plaintiff request files these Orders and Motion to be included in the cases herein.

Respectfully submitted,

/s/Frederick J. Keitel, III

Frederick J. Keitel, III, pro se P.O. Box 3243
Palm Beach, FL 33480 (561) 310-6864 rickkeitel@aol.com

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing document is being sent by electronic service via the Florida Courts E-Filing Portal to Gary Woodfield, Esq., Nason Yeager 3001 PGA Blvd, Suite 305, Palm Beach Gardens , FL 33410, woodfield@naonyeager.com; and Terry Risk, Nason Yeager 3001 PGA Blvd, Suite 305, Palm Beach Gardens , FL 33410, tresk@nasonyeager.com, this 21st day of November 2023.

/s/ Frederick J. Keitel, III
Frederick J. Keitel, III, pro se

## EXHIBIT "2'

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

FREDERICK J. KEITEL, III et al.,

        Plaintiffs/Appellant.              **21-CV-8537 (JMF)**

v.

THOMAS B. D'AGOSTINO, SR. et al.,

        Defendants/Appellees.

_____/

<u>**NOTICE OF COMPLAINCE to correct filing**</u>

    Plaintiff, Frederick J. Keitel, III, pro se, ("Keitel"), respectfully files Notice of Compliance for the following reasons.

1:  On June 20, 2023, plaintiff filed Notice of Compliance and Proof of Service [ECF 148]

2: Plaintiff listed the following two 4th DCA case(s) under compliance:

3.  *Frederick J. Keitel, III v Peter Callahan* et al., Case No. 4D:23-0275. The 4th DCA website shows the following entries

Florida Appellate Case Information System

    **6/21/2023 Misc. Events  -  Miscellaneous Docket Entry -  Miscellaneous Document –**

3.  Frederick J. Keitel, III v. Darrel Hofheinez et al., Case No. 4D:23-0277:

    **6/21/2023 Misc. Events  -  Miscellaneous Docket Entry -  Miscellaneous Document –**

    **Copy U.S. Bankruptcy Court Opinion and Order**

4.  However, in *Frederick J. Keitel, III v. Darrel Hofheinez* et al., Case No. 4D:23-0277, the Court notation had "Copy U.S. Bankruptcy Court Opinion and Order" added.

6.  Plaintiff used the same filing document on the same dates, never recognized any difference until notified by Nason Yeager attorney, Gary Woodfield  and this Court November 9, 2023, and  has no idea why the two cases were labeled differently.

7.  Plaintiff could access the website, but couldn't open the June 20, 2023 document into the Court notation of Copy U.S. Bankruptcy Court Opinion and Order is added, see below

8. The best answer is to Show Cause response is: Plaintiff filed the same motions, same date,  at almost the same time, and plaintiff has no idea why the 4th DCA had a notation of filing, "Copy U.S. Bankruptcy Court Opinion and Order" , in _Hofheinez_, but not in the _Callahan_ case, or why the complete Opinion and Order wasn't filed properly in the Callahan case

9. Plaintiff has no memory of the Court contacting him or notifying him of any deficiency at any time, there isn't/wasn't any prejudice to the Appellees _Callahan,_ and there is no reason to hold plaintiff in contempt for a mistake made most likely by  plaintiff or 4th DCA, without  prejudice to Appellees.

     WHEREFORE, Plaintiff respectfully respects the Court accept the response by Plaintiff in good faith and take no other action on this issue.

Submitted this 21st day of November 2023

                              /s/Frederick J. Keitel, III, pro se_

                         P.O. Box 3243

                         Palm Beach, FL 33480

                         Ph: (561) 310-6864

                         Email: rickkeitel@aol.com

### CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that  on November  21st, 2023, I filed a true copy of this motion via pro_se_filing@nysd.uscourts.gov for service to Clerk of Court, US District Court, Southern District, New York, 40 Foley Street, New York, NY 10007, to be filed using CM/ECF system to all parties on the Service List  via transmission of a notice of electronic filing generated by CM/ECF or through other approved means.

/s/Fredrick J. Keitel, III, pro se

Frederick J. Keitel, III

IN THE SUPREME COURT OF FLORIDA


THE FLORIDA BAR,

Complainant, v.

FREDERICK JOSEPH KEITEL III,

Respondent. _____/

Supreme Court Case No. SC-

The Florida Bar File Nos. 2016-50,199(15C) and 2016-50,299(15C)


## CONDITIONAL GUILTY PLEA FOR CONSENT JUDGMENT

COMES NOW, the undersigned Respondent, Frederick Joseph Keitel III, and files this Conditional Guilty Plea for Consent Judgment pursuant to Rule 3-7.9 of the Rules Regulating The Florida Bar.

1. Respondent is, and at all times mentioned herein was, a member of The Florida Bar, subject to the jurisdiction of the Supreme Court of Florida.

2. Respondent is currently the subject of two Florida Bar disciplinary matters which have been assigned The Florida Bar File Nos. 2016-50,199(15C) and 2016-50,299(15C).

3. As to The Florida Bar File Nos. 2016-50,199(15C) and 2016- 50,299(15C), there has been a finding of Probable Cause by the Grievance Committee.

4. Respondent is acting freely and voluntarily in this matter, and tenders this Plea without fear or threat of coercion. Respondent is not represented in this matter.

_____

5. The disciplinary measures to be imposed upon Respondent are as follows:

   1.  91-day suspension;

Case 1:21-cv-08537-JMF   Document 172   Filed 03/28/24   Page 31 of 35

  2.  Payment of the Bar's costs in these proceedings.

6. Respondent acknowledges that, unless waived or modified by the

Court on motion of Respondent, the Court order will contain a provision that prohibits Respondent from accepting new business from the date of the order or opinion and shall provide that the suspension is effective 30 days from the date of the order or opinion so that Respondent may close out the practice of law and protect the interest of existing clients.

7. The following allegations and rules provide the basis for Respondent's guilty plea and for the discipline to be imposed in this matter:

A. The Florida Bar File No. 2016-50,199(15C) and The Florida Bar File No. 2016-50,299(15C): In both matters probable cause has been found but a formal complaint has not yet been filed. Both cases concern Respondent's representation of himself and his corporations in related civil matters. Probable cause has been found in both cases alleging Respondent used the legal system to further unfounded, unethical and disparaging attacks against the judiciary and opposing counsels. Respondent has been found in contempt and ordered to pay sanctions based upon his conduct in a related

2

case, in North Carolina, where the court found Respondent obstructed justice and engaged in a conflict of interest.
8. The Florida Bar has approved this proposed plea in the manner

required by Rule 3-7.9.
9. If this plea is not finally approved by the Board of Governors of The

Florida Bar and the Supreme Court of Florida, then it shall be of no effect and may not be used by the parties in any way.

10. If this plea is approved, then Respondent agrees to pay all reasonable costs associated with this case pursuant to Rule 3-7.6(q) in the amount of $1,403.50. These costs are due within 30 days of the court order. Respondent agrees that if the costs are not paid within 30 days of this Court's order becoming final, Respondent shall pay interest on any unpaid costs at the statutory rate. Respondent further agrees not to attempt to discharge the obligation for payment of the Bar's costs in any future proceedings, including but not limited to, a petition for bankruptcy.

Respondent shall be deemed delinquent and ineligible to practice law pursuant to Rule 1-3.6 if the cost judgment is not satisfied within 30 days of the final court order, unless deferred by the Board of Governors of The Florida Bar.

11. Respondent acknowledges the obligation to pay the costs of this proceeding and that payment is evidence of strict compliance with the conditions of any disciplinary order or agreement, and is also evidence of good faith and fiscal responsibility. Respondent understands that failure to pay the costs of this

3

proceeding or restitution will reflect adversely on any other Bar disciplinary matter in which Respondent is involved.

12. This Conditional Guilty Plea for Consent Judgment fully complies with all requirements of the Rules Regulating The Florida Bar.

Dated this _____ day of _____, 20____.

Frederick Joseph Keitel III Respondent
PO Box 3243
Palm Beach, FL 33480-1443 (561) 310-6864

Florida Bar ID No. 884936

rickkeitel@aol.com

Dated this _____ day of _____, 20____.

Linda Ivelisse Gonzalez, Bar Counsel The Florida Bar
Ft. Lauderdale Branch Office
Lake Shore Plaza II

1300 Concord Terrace, Suite 130 Sunrise, Florida 33323
(954) 835-0233
Florida Bar ID No. 63910 lgonzalez@flabar.org

4

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### CASE NO. 1:21-cv-08537-JMF

FREDERICK J. KEITEL, III, et al.,

    Appellant Plaintiffs,

vs.

THOMAS B. D'AGOSTINO, SR., et al.,

    Appellee Defendants.

_____/

## <u>APPELLANTS' NOTICE OF FILING ECF NO. 119</u>

COMES NOW, Appellant/Plaintiff, Frederick J. Keitel, III, ("Keitel"), pro

se, and respectfully files Appellants Notice of Filing ECF No. 119

and states for the following reasons:

On December 20, 2023 this court issued an order to show cause why

appellant should not be held in contempt for failing to obey Court ECF No.

162 and filing ECF No. 119 in the 4th DCA case No 4D;23-0275 and

January 18, 2024 motion seeking Appellants medical records, ECF No.

164.

Appellants medical record was sent *ex parte* on March 24, 2024 to

Judge Furman's chamber.

After multiple attempts to timely file ECF No. 119, on March 28, 2024,

Appellant was able to successfully file ECF No. 119 in the 4th DCA today,

March 29, 2024 Reference # 195005264, after several timely attempts

failed yesterday March 28th.

Submitted March 29, 2024

> /s/Frederick J. Keitel, III
>
> Frederick J. Keitel, III, pro se
>
> P.O. Box 3243
>
> Palm Beach, FL 33480
>
> Ph: (561) 310-6864
>
> Email: rickkeitel@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29th, 2024, the foregoing documents are a true and correct copy filed via CM/ECF the federal court electronic filing system "Pro_Se_Filing@uscourts.gov for filing with the Clerk of Court, US District Court, Southern District, New York, 40 Foley Street, New York, NY 10007 and to all parties on the Service List via transmission of a notice of electronic filing generated by CM/ECF or through other approved means.

> /s/Fredrick J. Keitel, III
>
> Frederick J. Keitel, III, pro se