UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
FREDERICK J. KEITEL, III et al., :
:
                      Plaintiffs, :
:     21-CV-8537 (JMF)
         -v- :
:     MEMORANDUM OPINION
THOMAS B. D'AGOSTINO, SR. et al., :          AND ORDER
:
                      Defendants. :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Over two years ago, the Court entered an Opinion and Order (the "Sanctions Order") imposing sanctions on Plaintiffs Frederick J. Keitel, III and Spencer Robbins, Esq. (the "Sanctioned Plaintiffs") based on their egregious misconduct in this case. *See* ECF No. 119. The Sanctions Order imposed both monetary and non-monetary sanctions. Most relevant for present purposes, the Court ordered (1) Keitel to pay a $1,000 fine to the Clerk of Court; (2) the Sanctioned Plaintiffs, on a joint and severable basis, to pay the reasonable attorneys' fees and costs incurred by Defendants; and (3) Keitel to file a copy of the Sanctions Order on the docket "in every pending case in which he is involved." *Id.*

       Keitel appealed but did not seek a stay of the Sanctions Order. *See* ECF No. 132. In the meantime, the Sanctioned Plaintiffs failed to comply with nearly all respects of the Sanctions Order. First, Keitel failed to pay the $1,000 fine. The Court, on its own initiative, elected as to the fine to "await the outcome of Keitel's appeal," ordering that he pay the fine "no later than the issuance of the mandate" if the Court of Appeals did not disturb it and warning that, if Keitel did not pay by that date, "the fine would increase by $100 per day of non-compliance." ECF No. 147. Second, the Sanctioned Plaintiffs paid neither the Court's award of $92,037.91 in

attorneys' fees and costs to Defendant FJK-TEE JAY, LTD. ("LTD"), nor the Court's award of $103,308.88 in attorneys' fees and costs to Defendants Fox Rothschild, LLP and Heather Ries (the "Fox Defendants"). *See* ECF Nos. 137, 138. Third, Keitel failed to file a copy of the Sanctions Order on the docket of his pending cases, even after receiving several extensions from the Court. *See* ECF Nos. 149, 150, 153. Making matters worse, Keitel made several inaccurate representations to the Court about the status of his compliance with that requirement. ECF Nos. 160, 162; *see also* ECF Nos. 131, 134, 152. Even so, the Court exercised its discretion not to hold Keitel in contempt for his failure to file a copy of the Sanctions Order in those other cases. ECF No. 174. Once again, however, the Court reiterated that Keitel was required to pay the $1,000 fine "no later than the date the mandate issues" if "the Second Circuit does not disturb the $1,000 fine" and that "the fine will increase by $100 per day of non-compliance." *Id.*

On April 16, 2025, the mandate issued after the Court of Appeals dismissed Keitel's appeal, leaving this Court's $1,000 fine against Keitel undisturbed. *See* ECF No. 183. Yet again, Keitel failed to pay the fine. Yet again, the Court reminded Keitel that the fine would increase by $100 with each day of his non-compliance. *See* ECF No. 184. Rather than comply, Keitel has since filed an untimely and improper submission seeking to cause further delay and continue the running of the fine. *See* ECF No. 198. Meanwhile, on April 29, 2025, Defendant LTD filed a motion seeking an order to show cause why the Sanctioned Plaintiffs should not be held in contempt for their failure to pay the $92,037.91 in attorneys' fees and costs that the Court awarded to LTD. ECF No. 190. LTD seeks, in the alternative, entry of judgment in the amount of these attorneys' fees and costs. *Id.*

For the reasons that follow, the Court directs that judgment be entered with respect to the attorneys' fees and costs awarded to *all* Defendants and with respect to the fine.

First, the Court finds that entry of judgment on the attorneys' fees and costs for all Defendants is appropriate. It is well established that the Court has "broad discretion to determine appropriate sanctions for . . . litigation misconduct." *Drip Cap., Inc. v. JY Imports of NY Inc.*, 348 F.R.D. 536, 560 (E.D.N.Y. 2025). In light of the Sanctioned Plaintiffs' flagrant refusal to comply with the Court's prior sanctions orders and to avoid another series of Keitel's frivolous attempts at delay,[1] the Court finds it appropriate to direct the entry of judgment subject to immediate execution. Courts in this Circuit have regularly entered judgment on similar sanctions and allowed the immediate enforcement of such judgments. *See e.g., Stingray Music USA, Inc. v. uCast LLC*, No. 19-CV-7473 (AKH), 2020 WL 2489069, at *2 (S.D.N.Y. May 14, 2020); *Burgie v. Euro Brokers, Inc.*, No. 05-CV-0968, 2008 WL 4185701, at *8 (E.D.N.Y. Sept. 8, 2008) ("Courts routinely enter judgment in the amount of sanctions when an attorney fails to satisfy the amount of the sanction award, even when the overarching litigation is not yet terminated."). Nor do the Sanctioned Plaintiffs make any suggestion that the Court lacks such authority. *See* ECF No. 192; *see also Friedman v. Bloomberg*, L.P., No. 3:15-CV-443 (AWT), 2022 WL 2906753, at *3 (D. Conn. July 22, 2022) ("The plaintiff has not presented any legal authority . . . indicating that the Court lacks authority to compel [the plaintiff] to comply immediately with the court's order awarding attorney's fees and costs."), *aff'd*, No. 22-2967-CV, 2024 WL 1298601 (2d Cir. Mar. 27, 2024). Thus, the Court concludes that entry of judgment as to the award of attorneys' fees and costs is appropriate — and that there is no reason to limit that relief to LTD. Accordingly, in accordance with the Sanctions Order, the Court directs (1) entry of judgment in favor of LTD against the Sanctioned Plaintiffs for $92,0370.90 in attorneys' fees

---

[1] Keitel's claim that he was unable to timely respond to the Court's Order due to his health issues, *see* ECF No. 198, is belied by the fact that he is currently actively litigating claims in other courts, *see* ECF No. 199.

and costs, and (2) entry of judgment in favor of the Fox Defendants against the Sanctioned Plaintiffs for $103,308.88 in attorneys' fees and costs.

Second, the Court also directs entry of judgment on the fine imposed against Keitel to date. As noted, on April 18, 2025, the Court issued an Order reminding Keitel that he must pay a $1,000 fine to the Clerk of Court and an additional $100 fine for each day of non-compliance to coerce Keitel's compliance. *See* ECF No. 184; *see also, e.g.*, *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004) ("To the extent that a contempt sanction is coercive, the court has broad discretion to design a remedy that will bring about compliance." (internal quotation marks omitted)). Despite this daily increase, Keitel has given no indication over the past two plus months that he intends to comply with the Court's Order. Based on that, and Keitel's demonstrated history of refusing to comply with the Court's Sanctions Order, the Court finds that there is no "realistic possibility" that the continued imposition of a daily fine increase beyond today will coerce compliance. *Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2d Cir. 1998). Accordingly, the Court hereby discontinues the daily increase and orders Keitel to pay the fine that has accrued to date, namely a total of $8,100 (the original $1000 fine plus $100 for each of the seventy-one days that has elapsed since the mandate issued from the Second Circuit on April 16, 2025). Further, the Court exercises its "broad discretion in tailoring appropriate and reasonable sanctions, *O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 709 (2d Cir. 1990), and directs entry of judgment on this fine to allow immediate enforcement by any Defendant on the Court's behalf, *see e.g., CE Int'l Res. Holdings, LLC v. S.A. Mins. Ltd. P'ship*, No. 12-CV-08087 (CM) (SN), 2013 WL 2661037, at *2 (S.D.N.Y. June 12, 2013) (granting similar relief).

For the foregoing reasons, LTD's motion for entry of judgment is GRANTED. The

Clerk of Court is directed to terminate ECF No. 191, to enter judgment in favor of LTD against Keitel and Robbins for $92,037.9 in attorneys' fees and costs, to enter judgment in favor of the Fox Defendants against Keitel and Robbins for $103,308.88 in attorneys' fees and costs, and to enter judgment in favor of the Clerk of Court for $8,100 (to be enforceable by any Defendant on behalf of the Court). All three judgments shall be immediately enforceable by Defendants as final judgments.

SO ORDERED.

Dated: June 27, 2025
      New York, New York

_____
JESSE M. FURMAN
United States District Judge